# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)    No. 13-1076** (Mason County 11-F-26)

**Brook N. Carmichael,**
**Defendant Below, Petitioner**

**FILED**

June 13, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Brook N. Carmichael, by counsel Duane C. Rosenlieb, Jr., appeals the Circuit Court of Mason County's order entered on September 20, 2013, revoking petitioner's probation and ordering her to be incarcerated for one to fifteen years. The State of West Virginia, by counsel Derek Knopp, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 31, 2011, petitioner and her co-defendant husband, Shawn Carmichael, burglarized the home of Randi Carmichael, the sister-in-law of Shawn Carmichael. Petitioner served as a lookout while her husband entered the residence with a screwdriver, taking two gold and diamond rings and a knife. Petitioner was later found in possession of one of the rings and tried to sell the other. Petitioner gave police a voluntary statement admitting to being in possession of the ring.

Petitioner was indicted on May 3, 2011, on one count of burglary, one count of grand larceny, and one count of conspiracy to commit burglary. Petitioner was offered a plea deal, which was executed on July 11, 2011, at which time petitioner agreed to plead guilty to burglary in exchange for dismissal of the grand larceny and conspiracy counts. On September 19, 2011, a sentencing hearing was held. Petitioner's sentence was suspended in lieu of three years of probation. On November 10, 2011, the Mason County Probation Department filed a petition for revocation of probation, alleging that petitioner violated the rules of the Day Report program by testing positive for oxycodone. Petitioner further admitted to smoking marijuana and it was found that she was not attending the full sessions of her General Equivalency Diploma ("GED") classes as required. On December 12, 2011, petitioner failed to appear for her probation revocation hearing and a capias was issued. The hearing was reset for February 3, 2012.

1

Petitioner admitted to violating her probation by testing positive for controlled substances. Her probation was revoked but disposition was continued. Eventually, the court reinstated her probation, but extended it by six months. She was also given sixty days to enter an inpatient rehabilitation program in Dayton, Ohio, and again ordered to obtain her GED.

On June 5, 2012, another petition for revocation of probation was filed, alleging that petitioner failed to attend the residential drug treatment program after she was accepted and that she failed to report a change in residence. Petitioner did not appear at the June 25, 2012, hearing and another capias warrant was issued. On September 16, 2013, petitioner was apprehended and appeared for her revocation hearing. She admitted to two probation violations, and, although she was given the opportunity to have a continuance to have more time to consult with counsel, she declined. The court then revoked her probation and reinstated her original sentence of one to fifteen years of incarceration. She received credit for 283 days of time served.

On October 9, 2013, petitioner filed a pro se motion for reduction of sentence, noting that she was in a GED program and was on a waiting list for a drug rehabilitation program. Petitioner requested probation or home confinement. On October 22, 2013, the court denied the motion for reduction of sentence. Petitioner filed the instant appeal on October 10, 2013.

Although petitioner later filed a motion for reduction of sentence, she actually appeals from her sentencing order. "'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011).

On appeal, petitioner first argues that the circuit court's ruling/disposition was too harsh given the history of the case and the circumstances surrounding her case. Petitioner also argues that the court's disposition is not in her best interests, does not promote the public's welfare, nor does it promote the fair administration of justice. Petitioner sought probation, arguing that she was working toward her GED and was on a waiting list for a drug treatment facility.

We have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). This Court finds that petitioner's sentence in this matter was proper. Petitioner was granted probation initially, and violated the rules of her probation at least twice. Petitioner also absconded and a capias warrant had to be issued for her arrest. Thus, probation was no longer appropriate, as we have recognized that "probation is a privilege of conditional liberty bestowed upon a criminal defendant through the grace of the circuit court." *State v. Duke*, 200 W.Va. 356, 364, 489 S.E.2d 738, 746 (1997) (citations omitted). Moreover, the sentence was within statutory limits and not based on an impermissible factor.

Finally, the Court declines to address petitioner's argument that an alternative method for dealing with non-meritorious claims be adopted.

2

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**   June 13, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II