489 S.E.2d 738

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**James Daniel DUKE, Defendant Below, Appellant.**

**No. 23905.**

Supreme Court of Appeals of West Virginia.

Submitted May 6, 1997.

Decided June 10, 1997.

---

Darrell V. McGraw, Jr., Attorney General, Dawn E. Warfield, Deputy Attorney General, Charleston, for Appellee.

Kevin L. Neiswonger, Public Defender Corporation, Moundsville, for Appellant.

DAVIS, Justice:

The defendant below and appellant herein, James Daniel Duke, appeals the January 18, 1996, order of the Circuit Court of Wetzel County. In this order, the circuit court revoked the probation previously ordered to be served by the defendant, and scheduled to expire July 13, 1996, as a result of the defendant having used a controlled substance during his probationary period. The court further sentenced the defendant to a term of one to five years in the state penitentiary commensurate with the defendant's previously suspended sentence for third-degree sexual assault.

Before this Court, the defendant argues that the circuit court erred by executing his

previously suspended sentence for third-degree sexual assault. In this regard, the defendant contends that, on July 13, 1995, he completed the three-year probationary period for his sexual assault offense. He explains further that, at the time his probation was revoked due to marijuana use, he was serving a separate, one-year term of probation for a subsequent charge of brandishing a weapon. Duke asserts that this brandishing probationary term was scheduled to end on July 13, 1996, and had been granted in conjunction with the suspension of the ninety-day sentence initially imposed upon him for this crime.

By contrast, the State submits that the defendant's original probationary term for sexual assault was extended in conjunction with his plea of guilty to brandishing. Accordingly, the State contends that the circuit court properly revoked the defendant's probation and sentenced him to the previously suspended sentence of one to five years for third-degree sexual assault.

Upon a review of the record, and for the reasons stated below, we reverse the order of the Circuit Court of Wetzel County and remand this case for entry of an order consistent with our decision.

## I.

### FACTUAL AND PROCEDURAL HISTORY

In April and May, 1992, the defendant was arrested on two charges of third-degree sexual assault, in violation of W.Va.Code § 61–8B–5 (1984) (Repl.Vol.1992). The State filed an information charging the defendant with one count of third-degree sexual assault. Pursuant to plea negotiations, the defendant pleaded guilty to this felony, and the circuit court sentenced him to one to five years in the state penitentiary for one count of third-degree sexual assault. The circuit judge then suspended the defendant's sentence and placed him on probation for a period of three years, beginning July 13, 1992.

During his three-year probationary period, on June 10, 1993, the defendant was arrested for brandishing a knife in violation of W.Va. Code § 61–7–11 (1989) (Repl.Vol.1992). As a result of plea negotiations, the defendant pleaded guilty to this misdemeanor and was sentenced to ninety days in the county jail. During these proceedings, counsel for the defendant filed, on October 29, 1993, a "Petition for Probation"[1] in the Circuit Court of Wetzel County.[2] This petition requested the circuit court "to suspend execution of Defendant's sentence and release Defendant on probation." In this regard, counsel specifically requested the circuit court to "suspend the sentence received below and extend Defendant's current probation by one (1) year[.]" Accordingly, the circuit court, by order entered November 15, 1993, ruled that "the defendant's petition will be granted and the defendant will be placed on probation for a period of one (1) year under the terms and conditions of the Probation Officer. Where-

---

1. It appears that this "Petition for Probation" resulted from the plea negotiations surrounding the brandishing charge as the petition indicates that "[p]ursuant to the plea agreement [sic] the state [sic] agreed not to oppose this motion[.]"

2. The defendant entered his guilty plea to the misdemeanor of brandishing in the *Magistrate* Court of Wetzel County. However, counsel filed the defendant's "Petition for Probation" in the *Circuit* Court of Wetzel County because, pursuant to West Virginia law, only a circuit court has the authority to suspend a sentence of incarceration and order the defendant to be placed on probation. *See* W.Va.Code § 62–12–4 (1943) (Repl. Vol.1992) ("Whenever any person is found guilty of, or pleads guilty to, a crime in a court which is not a court of record, he may, at any time thereafter, file with the court of record to which an appeal would lie, or with the judge thereof in

vacation, his petition in writing, together with a transcript of the docket of the court in which he was convicted, requesting that he be placed on probation. Upon the filing of such petition and transcript, said court of record or the judge thereof, shall have power to suspend the execution of the sentence of the lower court and to release the petitioner on probation upon such conditions as to said court or judge may seem fitting."); Syl. pt. 4, in part, *State v. Caskey*, 185 W.Va. 286, 406 S.E.2d 717 (1991) ("A defendant who is convicted or pleads guilty in a magistrate court may request probation by filing a written petition in the circuit court."); Syl. pt. 3, *Matter of Mendez*, 176 W.Va. 401, 344 S.E.2d 396 (1985) ("A magistrate in West Virginia has no power to suspend a sentence imposed in a criminal case.").

upon, the defendant's probation shall start on July 13, 1995 [sic] and end on July 13, 1996."

While completing the remainder of his probationary period, and at the request of his probation officer, the defendant submitted to random drug screening on December 14, 1995. The defendant's sample tested positive for "Cannabinoids" (marijuana). Consequently, the defendant's probation officer filed a "Petition to Revoke Probation" in felony case number 92–F–19 (the 1992 third-degree sexual assault case), reciting that:

The defendant has violated the following rules and regulations of his Probation:

(1) Shall not violate any Criminal Law of this or any other State of the United States of America.

(3) Shall comply with rules and regulations of Probation as handed down by the Court.

(9) You are not to use alcohol or controlled substances.

During the hearing held in this matter on January 18, 1996, the defendant moved to dismiss the State's petition to revoke probation. Considering the evidence presented and the parties' arguments, the circuit court denied the defendant's motion to dismiss the State's petition listing the following reasons:

The petition for probation was filed specifically requesting that the defendant's probation be extended for a period of one year;

Further, that the defendant was not incarcerated for the brandishing charge, and the Court extended his probation for a period of one year;

Further, that it was not the Court's intention[3] to have the defendant's probation for the felony to end and then the one year probationary period begin for a period of one year; that the defendant was given the benefit of the doubt and his

probation was extended for a period of one year[.]

The court then found as fact:

That the defendant was sentenced, by virtue of a plea, in July, 1992, and given probation after he was sentenced to not less than one nor more than five years in the West Virginia Penitentiary for Men for third degree sexual assault;

Further, that the defendant was given a copy of the probation officer's rules and regulations, apparently not at the time the sentence was imposed, but on the 3rd day of August, 1992, and the defendant signed and agreed to consent to those rules and regulations as administered;

Further, that one of the rules was that the defendant was not to use any alcohol or controlled substances, or be present in a bar or tavern;

Further, that by signing said rules and regulations, the defendant acknowledged to comply with said rules and regulations;

Further, that the defendant was aware of the terms and conditions of probation[.]

In conclusion, the circuit court ordered that "the defendant's original sentence of not less than one (1) nor more than five (5) years be imposed, defendant be given credit for time that he actually served, and the petition to revoke the defendant's probation is granted." From this decision of the circuit court, the defendant appeals to this Court.

## II.

### DISCUSSION

#### A. Standard of Review

■ Before addressing the merits of the parties' contentions, it is necessary to examine the appropriate standard of review for this matter. Initially, we note that this matter is properly before this Court as we previously have determined that "[a] probation revocation may be reviewed either by a direct appeal or by a writ of habeas corpus." Syl. pt. 1, *State v. Ketchum*, 169 W.Va. 9, 289

---

**3.** The circuit judge entering the final order, dated January 18, 1996, which revoked the defendant's probation and revived his previously suspended sentence for third-degree sexual assault, was not the same circuit judge who entered the November 15, 1993, order, which suspended the brandishing sentence and imposed probation from July 13, 1995, until July 13, 1996.

S.E.2d 657 (1981). However, a closer examination of the issues suggests that, essentially, the parties request us to determine the propriety of the sentence imposed by the circuit court as a result of the court's decision to revoke the defendant's probation, rather than examining the propriety of the probation revocation itself.[4] In this manner, we have held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. pt. 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982). Given the novel question presented by this appeal and for the reasons stated below, we find that the standard established by *Goodnight* does not bar our consideration of this appeal as the circuit court erroneously considered the defendant's suspended sentence for his prior sexual assault offense in imposing sentence subsequent to revoking his probation.[5]

■ We turn, then, to the appropriate method of review. Recently, in *State v. Head,* we established a standard of review by which to evaluate the propriety of a circuit court's ruling on a Rule 35 motion [6]:

In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. pt. 1, 198 W.Va. 298, 480 S.E.2d 507 (1996). When a circuit court contemplates revoking a defendant's probation and imposing a sentence or executing a suspended sentence, the court is required to entertain many of the same considerations accompanying the correction or reduction of a sentence. Namely, the court must determine whether the prior punishment imposed is sufficient and warrants continuation or whether a new type of penalty would be more effective in punishing the accused. Thus, we conclude that the standard of review for a sentence arising from a probation revocation is substantially similar to the standard articulated in *Head.* Accordingly, we hold that when reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard;[7] the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

■ As applied to the facts of this case, the circuit court did not abuse its discretion in revoking the defendant's probation. It is clear from the record that the defendant had twice violated conditions of his probation: first, violating his sexual assault probation by brandishing a weapon and second, violating

---

4. In fact, the parties' briefs indicate that neither the defendant nor the State have challenged the authority of the circuit court to revoke the defendant's probation as a result of his positive drug test.

5. The parties do not contend that the sentences imposed, and which were then suspended, for the defendant's pleas of guilty to third-degree sexual assault or brandishing were improper. Accordingly, we make no finding in this regard.

6. Rule 35 of the West Virginia Rules of Criminal Procedure permits a circuit court to "correct an illegal sentence," to "correct a sentence imposed in an illegal manner," and to "reduce a sentence."

7. This newly articulated standard is consistent with the statutory authority establishing that the decision to revoke a defendant's probation is within the sound discretion of the circuit court:

If it shall ... appear to the satisfaction of the court or judge that any condition of probation has been violated, the court or judge *may* revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed, and order that sentence be executed.... If, despite a violation of the conditions of probation, the court or judge shall be of the opinion that the interests of justice do not require that the probationer serve his sentence, the court or judge *may,* except when the violation was the commission of a felony, again release him on probation.

W.Va.Code § 62–12–10 (1955) (Repl.Vol.1992) (emphasis added).

his brandishing probation by using a controlled substance. As the circuit court has discretion to revoke probation when the defendant has violated a condition thereof, *see* W.Va.Code § 62–12–10 (1955) (Repl.Vol. 1992), the circuit court's decision to revoke the defendant's probation was proper. With respect to the second prong of the inquiry, the findings of fact by the circuit court, we find no error. The facts of the underlying proceedings are not in dispute and have not been contested by the parties.

Notwithstanding our rulings with respect to the first two criteria of this review standard, we do find that the circuit court erroneously resolved questions of law in sentencing the defendant after revoking his probation. As will be discussed further below, the circuit court improperly reimposed the defendant's one-to-five year sentence for sexual assault when the court's jurisdiction over this offense had expired. Thus, we proceed to determine the merits of the parties' contentions.

### B. Review of Circuit Court Order

The defendant argues that the circuit court erred by construing its November 15, 1993, order as extending his probation on the sexual assault charge for one additional year when, in fact, the circuit court's order suggests that the additional one-year term of probation is a separate probationary period imposed solely with respect to the brandishing charge. Consequently, he urges that the circuit court acted improperly in reinstating his suspended sentence for sexual assault because he had completed the three-year term of probation, imposed in lieu of the one-to-five-year suspended sentence, for this offense at the time the circuit court revoked his probation in January, 1996. Accordingly, the defendant asserts that the maximum term of imprisonment to which he could have been sentenced upon the revocation of his probation was the ninety-day suspended sentence for brandishing.

The State refutes the defendant's characterization of the circuit court's order and proposes that, when read together, the defendant's petition for probation and the circuit court's November, 1993, order granting the same are not ambiguous and clearly dem-

onstrate that the circuit court intended to extend the defendant's sexual assault probationary period by one additional year. Thus, because the sexual assault probation period had not yet expired when the defendant tested positive for marijuana use, the circuit court properly revoked his probation and reinstated his previously suspended sentence of one to five years for third-degree sexual assault.

In sum, the parties request this Court determine whether the November 15, 1993, order of the Circuit Court of Wetzel County extended the defendant's probation for third-degree sexual assault until July 13, 1996, or whether this order imposed an additional one-year term of probation for brandishing, to begin July 13, 1995, and to end July 13, 1996.

We note, at the outset, that the issue presented by this appeal requires us to interpret the sentencing order of the circuit court entered in response to the defendant's plea of guilty to brandishing a weapon. "A guilty plea is a most serious waiver of a constitutional right—the right to a trial by jury, the privilege against compulsory self-incrimination and the right to confront accusers. It has been described as the most devastating waiver possible under our constitution." *State v. Barnett*, 161 W.Va. 6, 10, 240 S.E.2d 540, 542 (1977) (citations omitted). Because a criminal defendant's plea of guilty necessarily results in the waiver of certain constitutional rights, we have long held that the circuit court, before accepting such a plea, must conduct a very thorough inquiry as to the defendant's willingness so to plead and his/her understanding of the consequences of entering such a plea.

Specifically, in Syllabus point 3 of *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), we directed:

> When a criminal defendant proposes to enter a plea of guilty, the trial judge should interrogate such defendant on the record with regard to his intelligent understanding of the following rights, some of which he will waive by pleading guilty: 1) the right to retain counsel of his choice, and if indigent, the right to court appoint-

ed counsel; 2) the right to consult with counsel and have counsel prepare the defense; 3) the right to a public trial by an impartial jury of twelve persons; 4) the right to have the State prove its case beyond a reasonable doubt and the right of the defendant to stand mute during the proceedings; 5) the right to confront and cross-examine his accusers; 6) the right to present witnesses in his own defense and to testify himself in his own defense; 7) the right to appeal the conviction for any errors of law; 8) the right to move to suppress illegally obtained evidence and illegally obtained confessions; and, 9) the right to challenge in the trial court and on appeal all pre-trial proceedings.

*See also* W.Va.R.Crim.P. 11(c) (requiring circuit court to determine the defendant's understanding of rights waived by pleading guilty or nolo contendere). A review of the record in this matter suggests that the circuit court did, in fact, conduct such an inquiry as a requisite component of accepting the defendant's plea of guilty to third-degree sexual assault. With regard to the defendant's plea of guilty to brandishing, the record indicates that the magistrate court informed the defendant of his rights in accordance with the *Call* criteria and obtained the defendant's signature acknowledging his understanding thereof. Regardless of the proceedings before the circuit court and the magistrate court, though, the present appeal before this Court indicates that the defendant remained uncertain as to the actual nature of the probation imposed by the circuit court, thereby necessitating our clarification of the circuit court's order suspending execution of the defendant's sentence for brandishing and granting his request for probation.

■ In addition to the underlying guilty plea for brandishing, the instant case further involves a period of probation incident to the defendant's plea. We have recognized that

probation is a privilege of conditional liberty bestowed upon a criminal defendant through the grace of the circuit court. *See, e.g., State ex rel. Winter v. MacQueen,* 161 W.Va. 30, 32–33, 239 S.E.2d 660, 661–62 (1977) (" '[A] defendant convicted of a crime has no absolute right to probation, probation being a matter of grace only, extended by the State to a defendant convicted of a crime, in certain circumstances and on certain conditions.' " (quoting *State v. Loy,* 146 W.Va. 308, 318, 119 S.E.2d 826, 832 (1961))); Syl. pt. 1, *State v. Rose,* 156 W.Va. 342, 192 S.E.2d 884 (1972) ("Probation is a matter of grace and not a matter of right."); *State ex rel. Riffle v. Thorn,* 153 W.Va. 76, 81, 168 S.E.2d 810, 813 (1969) (" 'Probation or suspension of sentence comes as an act of grace to one convicted of a crime[.]' " (quoting *Escoe v. Zerbst,* 295 U.S. 490, 492, 55 S.Ct. 818, 819, 79 L.Ed. 1566, 1568 (1935))); Syl. pt. 2, *State ex rel. Strickland v. Melton,* 152 W.Va. 500, 165 S.E.2d 90 (1968) ("Probation is not a sentence for a crime but instead is an act of grace upon the part of the State to a person who has been convicted of a crime.").

■ Accordingly, the decision as to whether the imposition of probation is appropriate in a certain case is entirely within the circuit court's discretion. The West Virginia Legislature has established that "[a]ny circuit court of this State shall have authority . . . to place on probation any person convicted of a crime." W.Va.Code § 62–12–1 (1975) (Repl. Vol.1992). Likewise, W.Va.Code § 62–12–3 (1988) (Repl.Vol.1992) specifies the discretionary nature of the circuit court's authority to suspend either the imposition or execution of a sentence of incarceration and to place the defendant on a period of probation:

Whenever, upon the conviction[8] of any person eligible for probation under the preceding section [§ 62–12–2][9], it shall appear to the satisfaction of the court that the character of the offender and the cir-

---

**8.** A conviction of a crime includes a plea of guilty to such crime. *See* W.Va.Code § 62–12–2 (1986) (Repl.Vol.1992) (providing that individuals eligible for probation include "[a]ll persons who are found guilty of *or plead guilty to* any felony, the maximum penalty for which is less than life imprisonment, and all persons who are found

guilty of *or plead guilty to* any misdemeanor" (emphasis added)).

**9.** The parties do not dispute the defendant's eligibility for probation with regard to his pleas of guilty to third-degree sexual assault and brandishing a weapon.

cumstances of the case indicate that he is not likely again to commit crime and that the public good does not require that he be fined or imprisoned, the court, upon application or of its own motion, *may* suspend the imposition or execution of sentence and release the offender on probation for such period and upon such conditions as are provided by this article; but in no case, except as provided by the following section, shall the court have authority to suspend the execution of a sentence after the convicted person has been imprisoned for sixty days under the sentence.

(Emphasis added). *See also* W.Va.R.Crim.P. 32(g) ("After conviction of an offense not punishable by life imprisonment, the defendant *may* be placed on probation if permitted by law." (emphasis added)). Moreover, we have noted that, "[e]xcept for clear statutory exceptions, this legislative grant of power clearly places the matter of probation within the sound discretion of the trial court." *State v. Wotring,* 167 W.Va. 104, 118, 279 S.E.2d 182, 192 (1981) (citation omitted). *See also State v. Simon,* 132 W.Va. 322, 348, 52 S.E.2d 725, 738 (1949) (concluding that "the matter of suspending sentence or placing the defendant on probation was within the discretion of the trial court"). *Cf.* Syl. pt. 2, *State v. Shafer,* 168 W.Va. 474, 284 S.E.2d 916 (1981) ("The decision of a trial court to deny probation will be overturned only when, on the facts of the case, that decision constituted a palpable abuse of discretion."). The facts of the case *sub judice* suggest that the circuit court twice granted the defendant grace by placing him on probation; however the court's order in this regard is unclear as to whether the defendant was given two separate terms of probation or whether his first term of probation was merely extended subsequent to his brandishing plea.

An examination of our prior decisions indicates that a circuit court's determination to place a defendant on probation has a pervasive impact upon the accused's rights. Although we have recognized that "[p]robation revocation proceedings are not ... part of a criminal prosecution, and are not subject to the same strict procedural requirements attendant to a criminal trial," *State v. Holcomb,* 178 W.Va. 455, 459, 360 S.E.2d 232, 236

(1987) (citations omitted), we have established several procedures concerning both the imposition and the revocation of probation with a view toward protecting the rights of the defendant. For example, we said, reiterating the pronouncement of the Legislature, that "Section 11, Article 12, Chapter 62 [§ 62–12–11], Code, 1931, as amended, expressly limits the period of any probation or its extension to five years." *State v. Reel,* 152 W.Va. 646, 653, 165 S.E.2d 813, 818 (1969). Additionally, we acknowledged that "[d]ue process of law and *W.Va.Code,* 62–3–2, mandate the presence of the accused when he is placed on probation and the terms or conditions of probation are established or modified." Syl. pt. 2, *Louk v. Haynes,* 159 W.Va. 482, 223 S.E.2d 780 (1976). Similarly, in Syllabus point 3 of *Louk v. Haynes,* we articulated "[t]he suspension of a sentence coupled with probation is a critical stage of the trial proceedings [sic] and due process of law, therefore, requires that an accused be furnished the assistance of counsel and that counsel be present when the terms or conditions of probation are established or modified." 159 W.Va. 482, 223 S.E.2d 780. *See also* Syl. pt. 5, *Louk v. Haynes, Id.* ("Conditions of probation which are established or modified in the absence of either the accused or his counsel are void and unenforceable.").

Recognizing the importance of probation proceedings, we further have delineated our appellate jurisdiction over probation revocation hearings because such proceedings "involve the defendant's freedom." *State v. Shawyer,* 154 W.Va. 522, 525–26, 177 S.E.2d 25, 27–28 (1970). Likewise, acknowledging that " '[r]evocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special ... [probation] restrictions,' " we accord a probationer certain rights once he/she has violated the terms of his/her probation. *Sigman v. Whyte,* 165 W.Va. 356, 363, 268 S.E.2d 603, 607 (1980) (quoting *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972)). In this manner, we have held that "[a] person who is arrested for violating his conditions of probation is entitled to a preliminary and a final

revocation hearing," Syl. pt. 9, *Louk v. Haynes*, 159 W.Va. 482, 223 S.E.2d 780, and that the probationer is entitled to the assistance of counsel during his/her probation revocation hearing. *See* Syl. pt. 4, in part, *State ex rel. Strickland v. Melton*, 152 W.Va. 500, 165 S.E.2d 90 ("Revocation of probation and the imposition after such revocation of a sentence of confinement in the penitentiary at a hearing at which a criminal defendant was without the assistance of counsel are void in the absence of a waiver by such defendant of his right to the assistance of counsel[.]"). Furthermore, we have required the circuit court to "afford the probationer certain minimal procedural protections" with respect to a final probation revocation hearing. *State v. Holcomb*, 178 W.Va. at 459, 360 S.E.2d at 237. More precisely,

> The final revocation proceeding required by the due process clause of the Fourteenth Amendment and necessitated by *W.Va.Code*, 62–12–10, *as amended*, must accord an accused with the following requisite minimal procedural protections: (1) written notice of the claimed violations of probation; (2) disclosure to the probationer of evidence against him; (3) opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a "neutral and detached" hearing officer; (6) a written statement by the fact-finders as to the evidence relied upon and reasons for revocation of probation.

Syl. pt. 12, *Louk v. Haynes*, 159 W.Va. 482, 223 S.E.2d 780. *See also* W.Va.R.Crim.P. 32.1 (detailing the procedures to be employed by a court in revoking or modifying a defendant's probation).

Despite these numerous decisions, the jurisprudence of this State fails to address the clarity of a circuit court's order sentencing a repeat offender, who is currently serving probation, to probation after a plea of guilty to a subsequent offense. As is true with the case presently before us, the circuit court's order granting probation is unclear as to whether the court intended to impose upon the defendant a separate and distinct probationary term for brandishing or whether the court intended to extend the defendant's previously imposed sexual assault probation.[10] Given the numerous inquiries a circuit court is required to conduct in accepting a defendant's plea of guilty and the procedural safeguards a court must provide when revoking an accused's probation, we believe it fitting with our prior practice to also establish criteria for a circuit court to follow in placing a defendant on probation.

▆ Therefore, in order to prevent future uncertainties as to the effect of multiple probation orders, we deem it necessary for a circuit court to conduct a probation imposition inquiry similar to the plea acceptance inquiry mandated by Syllabus point 3 of *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665. Accordingly, we hold that where a circuit court places a criminal defendant on probation for an offense he/she committed while on probation for a previous offense, the court must make clear on the record the precise nature of the subsequently imposed probationary term (*i.e.*, extension of prior probationary period or separate and distinct subsequent probationary term) and ensure that the defendant has a clear and thorough understanding of the circuit court's intent in placing him/her on probation for the subsequent crime. That is to say, the court should explain to the defendant, and make clear on the record, the intended effect of the subsequent probationary term. If, for example, the court intends the probation for the subsequent offense to constitute an extension of the previous offense's probationary period with no separate or distinct probationary term for the subsequent offense, the court should inform the defendant, on the record, of this intention. If, however, the court intends to impose a separate and distinct probationary period for the subsequent offense, the court likewise should advise the defen-

---

**10.** While our decision focuses upon the lack of clarity of the circuit court's order, we note that if the defendant's petition requesting probation for the brandishing offense had more explicitly defined the nature of the probation desired, the circuit court's intention would have been easier to ascertain.

dant, on the record, of this intent. Where the court imposes a separate probationary term for the subsequent offense, the court should clarify also whether the probationary term for the subsequent offense shall run concurrently to or consecutively with the prior probationary term.

■ As additional guidance to the circuit courts of this State, we hold further that, in order to ensure the record is clear with regard to the circuit court's intention in placing a criminal defendant on probation for a subsequent offense where the defendant is currently on probation for a prior offense, and the defendant's understanding of the court's intention, the court should make three inquiries on the record as to the defendant's understanding of the circumstances surrounding the imposition of probation: (1) the possible penalties for the offenses committed, (2) the nature and conditions of probation, and (3) the consequences of a probation revocation.

■ The first probation imposition inquiry requires the circuit court to inform the defendant of: (1) the minimum and maximum penalties to which the defendant could be sentenced for the prior, subsequent, and/or violation of probation offenses (if the court suspends imposition of sentence) or the minimum and maximum penalties to which the defendant has been sentenced (if the court suspends execution of sentence) and (2) the effect of the court's decision to suspend imposition or execution of sentence.

■ Pursuant to the second probation imposition inquiry, the circuit court must ensure the defendant understands: (1) the defendant has no right to probation, and the decision to grant the conditional liberty of probation is entirely within the circuit court's discretion; (2) the nature of the probationary period imposed (i.e., whether the court intends the probationary period to be an extension of a pre-existing probationary period for a prior offense or a separate and distinct term of probation for the subsequent offense); and (3) the conditions attached to the imposition of probation.

■ The third and final probation imposition inquiry directs the circuit court to advise the defendant that: (1) revocation of probation and the imposition of sentence or the execution of a suspended sentence could result if the defendant violates one or more conditions of probation and (2) upon revocation of probation, the court could impose sentence and/or execute sentence for the prior offense, the subsequent offense, and/or the offense constituting a violation of probationary conditions, but sentencing for the offense constituting a violation of probation is proper only if the defendant has been convicted of, or has pleaded guilty to, such offense.

■ Furthermore, we adopt the language employed by the Court in *Call v. McKenzie* to explain the manner in which the circuit court should conduct its inquiry:

> [I]t is not sufficient for the [circuit] court to explain to [a criminal defendant] his[/her] rights in legal terminology alone, but rather the court should translate formal [terms] . . . into language which a lay[person] defendant can understand. . . . When the court asks the defendant whether he[/she] understands the . . . maximum penalty the court can impose [and the nature of the probationary period actually imposed (i.e., the extension of a prior probationary period or the imposition of a separate and distinct subsequent probationary term) ], the defendant should be required to recite back to the court exactly what the . . . penalty can be [and the nature of the probation].

159 W.Va. at 196–97, 220 S.E.2d at 670. We further conclude, as we did in *Call*, that "[t]he rule we announce today [requiring a circuit court to conduct a probation imposition inquiry] shall have prospective application only except with regard to this [defendant]." 159 W.Va. at 199, 220 S.E.2d at 671 (footnote omitted).

## III.

### CONCLUSION

■ We find, on the record before us from the Circuit Court of Wetzel County, that the court did not make it clear on the record that the one-year probationary term it imposed upon the defendant for his subse-

quent plea of guilty to brandishing was intended to be an extension of the defendant's previously ordered three-year probationary term for third-degree sexual assault. Neither can we determine, from the record of the proceedings below, that the defendant understood the court's imposition of probation in connection with his brandishing plea to constitute an extension of his previous three-year term of probation. Accordingly, we find that the circuit court's actions in granting the defendant's request for probation incident to his plea of guilty to brandishing resulted in the imposition of a separate and distinct one-year term of probation for brandishing to begin July 13, 1995 (the date upon which the sexual assault probation was scheduled to expire), and to end July 13, 1996.

The three-year sexual assault probationary term having expired July 13, 1995, the court lacked jurisdiction to revoke this probation and reimpose the defendant's suspended sentence of one to five years for third-degree sexual assault.[11] As the defendant was not charged with violating a condition of his probation until December, 1995, the court retained jurisdiction to revoke only the defendant's brandishing probation. Consequently, revocation of the one-year probationary period for brandishing should have resulted in the reimposition of the previously suspended ninety-day brandishing sentence. Thus, the January 18, 1996, order of the Circuit Court of Wetzel County purporting to reimpose the one-to-five year sentence for sexual assault is void. Accordingly, we reverse the order of the Circuit Court of Wetzel County. Further, we remand this case to the circuit court

with instructions to enter an order consistent with this decision.

Reversed and Remanded with Instructions.

**11.** Although a circuit court has jurisdiction to revoke probation subsequent to the expiration of the probationary period in a limited number of circumstances, the facts of the instant case do not conform to any of these well-recognized exceptions. *See* Syl. pt. 1, *Mangus v. McCarty*, 188 W.Va. 563, 425 S.E.2d 239 (1992) (" 'A circuit court has jurisdiction to revoke probation subsequent to the expiration of the probationary period where a warrant for the probationer's arrest for probation violation is issued prior to the expiration of the probationary period; where the probationer flees the jurisdiction and is apprehended only a short time prior to the expiration of his probationary period; and where the delay

in hearing the probation revocation until after the expiration of the probationary period is occasioned by the actions of the petitioner and[/]or his counsel.' Syl. Pt. 2, *State ex rel. Ostrander v. Wilt*, 164 W.Va. 184, 262 S.E.2d 420 (1980)."). *See also* Syl. pt. 2, *Mangus v. McCarty*, 188 W.Va. 563, 425 S.E.2d 239 ("In order to sustain and extend the jurisdictional authority to revoke probation subsequent to the expiration of the probationary period, the probationer must at least be charged with the probation violation prior to such expiration. Where no such charges are brought prior to the expiration of the probationary term, jurisdiction does not continue beyond the date of such expiration.").