# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 14-0737** (Berkeley County 13-F-161)

**Krystal M.,**
**Defendant Below, Petitioner**

**FILED**

April 13, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Krystal M., by counsel B. Craig Manford, appeals the Circuit Court of Berkeley County's June 6, 2014, order revoking her probation and re-imposing her sentence of one to five years in prison for child abuse causing serious bodily injury.[1] The State, by counsel Cheryl Saville, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2013, a Berkeley County Grand Jury indicted petitioner on two counts of child abuse causing bodily injury, one count of child abuse causing serious bodily injury, and one count of gross child neglect creating substantial risk of serious bodily injury. As part of a plea agreement, petitioner pled guilty to one count of child abuse causing bodily injury in violation of West Virginia Code § 61-8D-3(a) and the State dismissed the remaining counts. On March 31, 2014, the circuit court sentenced petitioner to one to five years in prison, but suspended all but four months of petitioner's sentence and placed her on five years of supervised probation.

---

[1]"We follow our past practice in . . . cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. West Virginia Dep't of Human Servs. v. Cheryl M.,* 177 W. Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987) (citations omitted). *See also State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990) ("Consistent with our practice in cases involving sensitive matters, we use the victim's initials. Since, in this case, the victim . . . [is] related to the [petitioner], we have referred to the [petitioner] by his last name initial." (citations omitted)).

Petitioner agreed to certain terms and conditions of probation, which included that it was a "necessity that there be no contact with Bradley Silver."[2]

On May 5, 2014, petitioner's probation officer filed a petition for revocation of probation alleging that petitioner had sixty-three telephone conversations with Bradley Silver while she was incarcerated.[3] The circuit court held a probation revocation hearing on June 2, 2014, during which petitioner admitted contacting Mr. Silver sixty-three times in violation of the terms and conditions of her supervised probation. Accordingly, the circuit court re-imposed the original sentence with credit for time served. It is from this order that petitioner appeals.

On appeal, petitioner argues that she was subject to only a sixty-day term of incarceration pursuant to West Virginia Code § 62-12-10(a)(2) because her sixty-three violations constituted only a technical violation of the terms of her probation. Specifically, petitioner asserts that the specific condition prohibiting her from contacting Mr. Silver was not designed to protect a victim because Mr. Silver did not pose any danger to petitioner's children.

As this Court has previously stated:

> "When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Duke*, 200 W.Va. 356, 489 S.E.2d 738 (1997).

Syl. Pt. 1, *State v. Inscore*, 219 W.Va. 443, 634 S.E.2d 389 (2006).

Upon our review, we find no abuse of discretion in the circuit court's decision to revoke petitioner's probation. West Virginia Code § 62-12-10(a)(1)(C) states in part, "if the court or judge finds reasonable cause exists to believe that the petitioner violated a special condition of probation designed to protect the public or victim; the court or judge may revoke the suspension of imposition or execution of sentence . . . ." As part of the terms and conditions of petitioner's probation, the circuit court clearly stated that it was a "necessity that there be no contact with Bradley Silver." Here, it is undisputed that petitioner acknowledged that she contacted Mr. Silver sixty-three times while she was incarcerated at Eastern Regional Jail. Further, we disagree with petitioner's argument that her violations should only be considered a "technical violation" because petitioner's children were not in danger of any actual harm. A plain reading of West Virginia Code § 62-12-10(a)(1)(C), requires that the "special condition of probation was *designed* either to protect the public or a victim."(Emphasis added). The circuit court found that the no-contact provision was "one of the most important conditions, . . . and really focused on the

---

[2]Mr. Silver was petitioner's live-in boyfriend.

[3]As a term and condition of her supervised probation, petitioner also agreed to be incarcerated for four months at Eastern Regional Jail.

protection of the children." West Virginia Code § 62-12-10 clearly authorizes revocation of probation under these circumstances because the no-contact provision was designed to protect the children. Therefore, this Court declines to find that the circuit court abused its discretion in revoking petitioner's probation.

Petitioner further argues that because her phone calls to Mr. Silver were "technical violations" of the terms of her probation, she was only subject to a sixty-day term of incarceration for her first probation violation pursuant to West Virginia Code § 62-12-10(a)(2). Even if this amounted to "technical violations" of the terms and conditions of petitioner's probation, we would find no abuse of the circuit court's discretion. West Virginia Code § 62-12-10(a)(2) grants a circuit court the discretion to "revoke the suspension of imposition or execution of sentence" following a third probation violation. As noted above, petitioner admitted to sixty-three separate probation violations. These sixty additional probation violations are well in excess of the statutory minimum required to revoke petitioner's probation. Thus, we find no merit in petitioner's suggestion that she should have been confined for an additional period of sixty days.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: April 13, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3