# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 17-0624** (Berkeley County CC-02-2011-F-189)

**Rafael D. Zuniga,**
**Defendant Below, Petitioner**

**FILED**

**June 15, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Rafael D. Zuniga, by counsel Michael Santa Barbara, appeals the Circuit Court of Berkeley County's July 13, 2017, order revoking his probation and imposing the underlying sentence. The State, by counsel Gordon L. Mowen, II, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in revoking his probation and imposing the underlying sentence when the only testimony presented by the State was impermissible hearsay.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2011, petitioner was indicted on three felony counts: two counts of delivery of a controlled substance and one count of conspiracy to deliver. In April of 2012, petitioner entered into a plea agreement wherein he pled guilty to one count of delivery of a controlled substance. After considering the evidence, the circuit court sentenced petitioner to incarceration for an indeterminate term of not less than one nor more than fifteen years. However, the circuit court immediately suspended petitioner's sentence and placed him on probation for a period of five years, subject to certain terms and conditions.

The State filed a petition for revocation of probation in October of 2016 and an amended petition in May of 2017. The amended petition contained allegations that, in May of 2014, petitioner was arrested and charged with domestic battery, obstructing, and refusing to be fingerprinted. Petitioner pled no contest to the obstructing charge. The amended petition also contained allegations that, in May of 2016, petitioner was arrested and charged with improper (expired and altered) registration of a vehicle and with an open alcohol container violation. Petitioner eventually pled guilty to the latter charge. Additionally, petitioner was arrested in August of 2016 on two counts of violating a domestic violence protective order and one count of stalking. Later in August of 2016, petitioner was also charged with felony strangulation without

1

consent. The amended petition also noted that petitioner had been charged with disturbing the peace in August of 2015, and tested positive for marijuana in May of 2016.

The circuit court held a hearing on the matter in June of 2017. The State presented the testimony of petitioner's probation officer, who testified that he had supervised petitioner since May of 2012. The probation officer testified regarding his investigation, the criminal charges and convictions petitioner acquired during his probation, and the investigation of petitioner's most recent charges stemming from allegedly stalking and strangling his girlfriend. After some time, counsel for petitioner objected, stating "Your Honor, I've stayed silent here for awhile, but I don't understand how this recitation of unsupported facts [is] relevant to the [State's] revocation of probation." After hearing the State's response to his objection, counsel for petitioner continued:

> Your Honor, my objection still stands however because the violation of probation apparently is predicated upon that the [d]efendant shall violate no laws. In this instance, Your Honor, based upon the matters described in [the petition], I believe . . . there's been no demonstration that the [petitioner] has violated any laws, therefore this testimony relating to [petitioner's girlfriend] and these new charges or claims made by her are not relevant to the violation – the revocation of probation.

The circuit court overruled petitioner's objection, finding that the testimony regarding the August of 2016 charges was relevant. Apart from the probation officer's testimony, other evidence considered included the new indictment surrounding the August of 2016 charges, a sworn complaint regarding the same, and conviction records. After hearing evidence, the circuit court found that the evidence showed that petitioner violated the terms and conditions of his probation and committed new criminal conduct. Accordingly, the circuit court revoked petitioner's probation and ordered him to serve his underlying sentence. It is from the June 13, 2017, order that petitioner appeals.

We have previously established the following standard of review in cases such as this:

> When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Duke*, 200 W.Va. 356, 489 S.E.2d 738 (1997).

On appeal, petitioner argues that the circuit court erred in revoking his probation and imposing the underlying sentence when "the only evidence of a crime committed by [petitioner] came from the mouth of the Chief Probation Officer" and was impermissible hearsay, as the State failed to show that the actual witnesses to the alleged crimes were unavailable to testify. Petitioner argues that, as such, his due process rights were violated because he was denied the

opportunity to confront and cross-examine any witnesses to the alleged crimes contained in the amended petition. We find petitioner's argument to be without merit.

West Virginia Code § 62-12-10(a)(1)(B) and (C) provide that

(a) If at any time during the period of probation there shall be reasonable cause to believe that the probationer has violated any of the conditions of his or her probation, the probation officer may arrest him or her with or without an order or warrant, or the court which placed him or her on probation, or the judge thereof in vacation, may issue an order for his or her arrest, whereupon he or she shall be brought before the court, or the judge thereof in vacation, for a prompt and summary hearing.

(1) If the court or judge finds reasonable cause exists to believe that the probationer:

. . . .

(B) Engaged in new criminal conduct other than a minor traffic violation or simple possession of a controlled substance . . .

(C) . . . the court or judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed and order that sentence be executed.

Petitioner's argument that the "only" evidence of a crime committed by him was hearsay evidence related to his August of 2016 domestic battery, stalking, and strangulation charges is inaccurate. His argument ignores the fact that evidence was submitted showing that petitioner pled no contest to an obstruction charge in May of 2014. As such, sufficient evidence existed to show that petitioner committed a new crime beyond a minor traffic violation or simple possession and thus, violated the terms and conditions of his probation. While petitioner argues that the circuit court relied heavily on the testimony regarding the August of 2016 charges, he does not dispute that he was convicted of other crimes during his period of probation. Further, while it is true that the probation officer testified that it was the August of 2016 charges that led him to file the petition for revocation of probation, he noted that he believed petitioner's probation should be revoked when viewing petitioner's history of arrests, charges, and convictions during his probation as a whole. After reviewing the record, we agree with the circuit court's finding of clear and convincing evidence that petitioner violated a condition of his probation and its decision to revoke petitioner's probation. Accordingly, petitioner is entitled to no relief in this regard.

For the foregoing reasons, the circuit court's June 13, 2017, order revoking petitioner's probation and imposing the underlying sentence is hereby affirmed.

Affirmed.

**ISSUED**:  June 15, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Allen H. Loughry II, suspended and therefore not participating