**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

State of West Virginia,
**Plaintiff Below, Respondent**

**vs.)  No. 20-0605** (Fayette County 8-F-82-E)

Raymond B.,
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner Raymond B., by counsel Brandon S. Steele, appeals two orders of the Circuit Court of Fayette County entered on July 13, 2020: (1) an "Adjudicatory Probation Revocation Order" in which the circuit court found that petitioner violated the terms and conditions of his extended sex offender supervised release by clear and convincing evidence and revoked petitioner's supervised release; and (2) an "Order Relating to Disposition of Extended Supervised Release Revocation" in which the circuit court found that the appropriate disposition for petitioner's supervised release violations was a sentence of fifteen years in prison to be followed by an additional twenty-five years of extended supervised release. Respondent State of West Virginia, by counsel Mary Beth Niday, responds in support of the circuit court's orders.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2008, a Fayette County grand jury indicted petitioner Raymond B. on (1) two counts of sexual assault in the first degree; (2) thirty-four counts of incest; (3) thirty-four counts of sexual abuse by a parent, guardian, or custodian; and (4) thirty-three counts of sexual assault in the second degree. The victim was petitioner's daughter who was under the age of fourteen at the time the alleged incidents occurred.

On March 23, 2010, petitioner pled guilty to one count of incest. The State dismissed the remaining charges. The circuit court sentenced petitioner to five to fifteen years in prison for his crime, to be followed by a twenty-year period of supervised release under West Virginia Code § 62-12-26(a), and registration as a sexual offender for life. The circuit court denied petitioner's

1

motion to reconsider his sentence. On May 30, 2016, petitioner discharged his prison sentence and began his period of supervised release.

On November 4, 2019, petitioner was arrested pursuant to a "Notice of Hold for Violation" and a "Notice of Revocation" which charged petitioner with violating three conditions of his supervised release: (1) Petitioner was terminated from an adult sex offender treatment program due to his three failed sexual history polygraphs and his "overall lack of progress and motivation for change;" (2) Petitioner failed to attend required counseling in September of 2019; and (3) Petitioner failed to report or register a vehicle with his sex offender supervision officer.

On December 20, 2019, petitioner waived his right to a preliminary hearing. On December 23, 2019, petitioner filed a demand for a jury trial in his revocation proceeding under *United States v. Haymond*, -- U.S. --, 139 S. Ct. 2369 (2019) (plurality opinion). The State filed a motion in opposition, arguing that the application of *Haymond*, a federal case, to West Virginia's extended supervised release statute was inappropriate because the United States Supreme Court clearly limited the application of *Haymond* to the federal statute at issue in that case, 18 U.S.C. § 3583(k). The State contended that petitioner's case should proceed for a hearing and that the circuit court should apply the clear and convincing standard outlined in West Virginia Code § 62-12-26(g) (2015).[1] At a hearing on the matter, the parties addressed their respective positions regarding *Haymond's* impact on the supervised release revocation process found in West Virginia Code § 62-12-26(g)(3). Following argument, the circuit court, on February 19, 2020, denied petitioner's demand for a jury trial.

Thereafter, on June 17, 2020, a Fayette County Grand Jury indicted petitioner on four counts of "failure to register." On June 18, 2020, the circuit court held petitioner's contested adjudicatory hearing. The circuit court found that petitioner violated the rules of his supervised release by clear and convincing evidence. That same day, petitioner asked the court to move directly to disposition. The circuit court heard recommendations from the parties as to the appropriate disposition for petitioner's violations and then took disposition under advisement.

As noted above, on July 13, 2020, the circuit court entered two orders: an "Adjudicatory Probation Revocation Order" and an "Order Relating to Disposition of Extended Supervised Release Revocation." In those orders, the circuit court found that petitioner violated three terms and conditions of his supervised release and sentenced petitioner to fifteen years in prison under West Virginia Code § 62-12-26(g)(3), to be followed by twenty-five years of extended supervised release under West Virginia Code § 62-12-26(i).

---

[1] The revocation of petitioner's extended sex offender supervised release is governed by the 2015 version of West Virginia Code § 62-12-26. *See 2015 Acts of the Legislature* ch. 80. We note that after petitioner violated the terms and conditions of his supervised release, the Legislature substantially amended West Virginia Code § 62-12-26 during the 2020 Session, with the amendments taking effect on May 17, 2020. *See 2020 Acts of the Legislature*, ch. 100. The Legislature again amended the statute during the 2021 Session, with the amendments to take effect on July 5, 2021. *See* Senate Bill 361. Neither of these amendments affect the outcome of this case.

Petitioner now appeals. In Syllabus Point 1 of *State v. Duke*, 200 W. Va. 356, 489 S.E.2d 738 (1997), this Court held that,

> When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Further, "'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W. Va. 407, 710 S.E.2d 98 (2011).

Petitioner raises three assignments of error on appeal. Petitioner first argues that under *Haymond*, the State was required to afford him a jury trial on his probation revocation.

In *Haymond*, the United States Supreme Court addressed the revocation of a registered sex offender's supervised release for possession of child pornography and other violations. Specifically, the Supreme Court considered the constitutionality of 18 U.S.C. § 3583(k), which "mandates a minimum five-year term of imprisonment for certain supervised release violations committed by defendants who are 'required to register under the Sex Offender Registration and Notification Act[.]'" *United States v. Salazar*, 784 F. App'x 579, 581 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 1232 (2020) (quoting 18 U.S.C. § 3583(k) and *Haymond*, 139 S. Ct. at 2374). A four-justice plurality found that a portion of 18 U.S.C. § 3583(k) was unconstitutional. *Haymond*, 139 S. Ct. at 2386 (Breyer, J., concurring). Importantly, the *Haymond* Court emphasized that "its decision was limited to § 3583(k) and its mandatory minimum provision." *Roman-Oliver v. Joyner*, No. 7:19-CV-50-REW, 2019 WL 6696417, at *4 (E.D. Ky. Dec. 9, 2019).

We first note that, while 18 U.S.C. § 3583(k) is similar to West Virginia Code § 62-12-26, the two statutes are not the same. For example, unlike 18 U.S.C. § 3583(k), West Virginia Code § 62-12-26 significantly limits the types of offenses that qualify for extended supervised release and does not require a court to impose a mandatory period of incarceration for specific violations of supervised release. Second, and more importantly, petitioner was not sentenced under 18 U.S.C. § 3583(k); thus, the Supreme Court's ruling in *Haymond* expressly does not apply to petitioner's case. Third, we have previously considered this issue and rejected it. In *State v. Edward B.*, No. 19-1026, 2020 WL 7231608, at *4 (W. Va. Dec. 7, 2020) (memorandum decision), we said:

> The *Haymond* plurality "emphasized" that its decision did not address all supervised release proceedings but, rather, was "limited to § 3583(k)—an unusual provision enacted little more than a decade ago—and the *Alleyne* [*v. United States*, 570 U.S. 99 (2013)] problem raised by its 5-year mandatory minimum term of imprisonment." *Haymond*, 139 S. Ct. at 2383. West Virginia Code § 62-12-26, the supervised release statute under which petitioner's supervised release was revoked, was not addressed in *Haymond* nor is it similar to § 3583(k). Most notably, West

3

Virginia Code § 62-12-26 does not require imposition of a minimum term of incarceration "triggered by judge-found facts," which the *Haymond* plurality found problematic. 139 S. Ct. at 2383-84. Thus, petitioner has failed to demonstrate any error under *Haymond*, let alone one that is clear or obvious.

In light of the above, petitioner's reliance on *Haymond* for the proposition that he is entitled to a jury trial on his probation revocation is clearly misplaced. Accordingly, we reject petitioner's first assignment of error and find that the circuit court properly ruled that petitioner was not entitled to a jury trial regarding whether he violated the terms of his extended supervised release.

In petitioner's second assignment of error he argues that his sentence for violating his supervised release – fifteen years in prison and twenty-five years of supervised release – is disproportionate to his original sentence of five to fifteen years in prison and twenty-years of supervised release. Thus, he claims his sentence violates constitutional proportionality principles. *See* Syl. Pt. 7, *State v. Vance*, 164 W. Va. 216, 262 S.E.2d 423 (1980) ("A criminal sentence may be so long as to violate the proportionality principle implicit in the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution."); *see also* W. Va. Const. art. III, § 5 ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. Penalties shall be proportioned to the character and degree of the offence. . . .").

Two tests are employed in determining whether a sentence violates the proportionality principles found in Article III, Section 5 of the West Virginia Constitution:

> The first is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. If a sentence is so offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further. When it cannot be said that a sentence shocks the conscience, a disproportionality challenge is guided by the objective test we spelled out in Syllabus Point 5 of *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981):
>
> > In determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction.

*State v. Cooper*, 172 W. Va. 266, 272, 304 S.E.2d 851, 857 (1983).

As set forth above, the circuit court found that petitioner violated the terms of his supervised release in three ways: First, petitioner allegedly failed to register his vehicle with the State Police within ten days. Second, the circuit court found that petitioner missed sex offender therapy sessions. Third, the circuit court found that petitioner failed a polygraph test and was not fully "invested" in sex offender treatment. Petitioner argues that these three minor violations do not warrant a prison term of fifteen years followed by twenty-five years of supervised release.

4

We disagree and find that petitioner's fifteen-year prison sentence and twenty-five-year period of supervised release are not disproportionate to his initial sentence or criminal conduct. "While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." *Wanstreet*, 166 W. Va. at 523, 276 S.E.2d at 207, Syl. Pt. 4. Here, the circuit court sentenced petitioner to a fixed maximum sentence (five to fifteen years in prison) under West Virginia Code § 62-12-26(g)(3), which provided that a court may

> [r]evoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release without credit for time previously served on supervised release if the court, pursuant to the West Virginia Rules of Criminal Procedure applicable to revocation of probation, finds by clear and convincing evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this subdivision may not be required to serve more than the period of supervised release.

Petitioner was also sentenced to twenty-five years of extended supervision under West Virginia Code § 62-12-26(a), which provided:

> (a) Notwithstanding any other provision of this code to the contrary, any defendant convicted after the effective date of this section of a violation of [§ 61-8-12] of this code or a felony violation of the provisions of [§ 61-8B-1 et seq., § 61-8C-1 et seq., and § 61-8D-1 et seq.] of said chapter shall, as part of the sentence imposed at final disposition, be required to serve, in addition to any other penalty or condition imposed by the court, a period of supervised release of up to fifty years: *Provided*, That the period of supervised release imposed by the court pursuant to this section for a defendant convicted after the effective date of this section . . . of a violation of [§ 61-8B-3 or § 61-8B-7] of this code and sentenced pursuant to [§ 61-8B-9a] of said article, shall be no less than 10 years: *Provided, however*, That a defendant designated after the effective date of this section . . . as a sexually violent predator pursuant to the provisions of [§ 15-12-2a] of this code shall be subject, in addition to any other penalty or condition imposed by the court, to supervised release for life: *Provided further*, That pursuant to the provisions of [§ 62-12-26(g)] of this section, a court may modify, terminate, or revoke any term of supervised release imposed pursuant to [§ 62-12-26(a)] of this section.

Furthermore, West Virginia Code § 62-12-26(i) provided that, upon revocation, the length of any further term of supervised release "shall not exceed the term of supervised release authorized by this section less any term of imprisonment that was imposed upon revocation of supervised release." Petitioner faced a maximum term of fifty years of extended supervised release, minus the five to fifteen years of imprisonment, leaving thirty-five years of supervised release, minus what he had served. Therefore, the twenty-five-year term of supervised release imposed upon petitioner by the circuit court fell within the maximum possible sentence and is, therefore, not subject to this Court's review.

5

We also find that petitioner's sentence is not constitutionally disproportionate. As noted above, the Court has established two tests to determine constitutional proportionality. Petitioner's sentence passes the first or subjective test. Petitioner's sentence, five to fifteen years in prison and twenty-five years of extended supervised release, does not shock the conscience. Petitioner was indicted on 103 sex-related crimes against his biological daughter who was under the age of fourteen when the crimes were alleged to have occurred. However, petitioner was allowed to plead guilty to only one felony count, incest, and the remaining charges were dismissed. Moreover, during the adjudicatory revocation hearing, the State argued for consecutive sentencing on the ground that petitioner "showed no motivation throughout his . . . treatment" as evidenced by his going to the home of a juvenile female whom he made very uncomfortable, by his failure to take his treatment program seriously, and by blaming his victim for his behavior. Petitioner also failed to appear for counseling appointments and to register his vehicle with the West Virginia State Police. "Both this Court and the Supreme Court of the United States have recognized the importance of protecting the public from sexual offenders, which necessitates the need for harsh deterrent punishments." *State v. Hoyle*, 242 W. Va. 599, 612, 836 S.E.2d 817, 830 (2019).

Petitioner's sentence also satisfies the second or objective proportionality test. Regarding the nature of petitioner's offense, he sexually violated his daughter when she was under the age of fourteen. Thus, the nature of petitioner's crime does not call into question the proportionality of petitioner's sentence. As for the legislative intent of West Virginia Code § 62-12-26, we have said that this statute "reflects the legislative intent to impose a new and additional penalty to the sentence of a person" who sexually victimizes children. *State v. James*, 227 W. Va. 407, 418, 710 S.E.2d 98, 109 (2011). "[A]ny sentence short of death, including life without parole, for serious crimes against the person, passes constitutional muster." *State v. Woodall*, 182 W. Va. 15, 25, 385 S.E.2d 253, 263 (1989) (internal quotations admitted) (citing *Rummel v. Estelle*, 445 U.S. 263 (1980)). Finally, "[b]oth this Court and the Supreme Court of the United States have recognized the importance of protecting the public from sexual offenders, which necessitates the need for harsh deterrent punishments." *Hoyle*, 242 W. Va. at 612, 836 S.E.2d at 830. As for comparisons between petitioner's sentence and those imposed in West Virginia and in other jurisdictions, petitioner fails to address them. Thus, he has waived any argument in that regard.

Petitioner's third and final argument is that the circuit court erred when, during the adjudicatory hearing, it allowed into evidence the results of petitioner's polygraph examinations. Petitioner notes that, at his adjudicatory hearing, the State moved to admit the results of the polygraph examinations he was required to take due to comments he made at a group therapy session. The circuit court granted the State's motion. Petitioner objected and asserted that, under West Virginia Code § 62-11D-2, polygraph examinations of sex offenders on supervised release are not admissible for purposes of adjudication. Section 62-11D-2(b) provides that any sex offender required to undergo a polygraph examination

> shall, at his or her expense, submit to at least one polygraph examination each year to answer questions relating to his or her compliance with conditions of supervision, including conditions related to treatment. Additional examinations may be required, not to exceed a total of five. The results of any examination are not admissible in evidence and are to be used solely as a risk assessment and treatment

6

tool. Examination results shall be made available to the person under supervision, upon request.

In allowing the polygraph results to come into evidence via the testimony of petitioner's probation officer, the circuit court stated as follows: "Well, whether [petitioner] took the polygraph and complied with the terms and conditions, and whether he passed it, if it was relevant for the continuing conditions, then it was relevant to the inquiry." The court added:

> If passing the polygraph is a condition for the requirement of the continuation of therapy, then whether he passed it or not is relevant to that inquiry. It's not relevant for other purposes, for impeachment or credibility, or whether he's a liar or untruthful, or any of that. It's just that it happened and could go with therapy. Why or why not? So it had to come in to prove that fact or not prove that fact.

> So it will be admitted—should be allowed to admit whether the polygraph was passed or allow him to continue treatment.

Petitioner's probation officer then testified that petitioner failed certain polygraph examinations and, therefore, was precluded from attending group sessions.

We find that the circuit court did not err in admitting evidence that petitioner failed polygraph examinations for the limited purpose of establishing his risk level and eligibility for continued treatment under the adult sex offender treatment program. Importantly, continuing treatment was an essential term and condition of his supervised release. Thus, the court admitted the polygraph results into evidence solely for the purpose of determining whether petitioner would be able to complete the program, and not for the purposes whether he was telling the truth. Therefore, we find no error.

Accordingly, for the foregoing reasons, we affirm both of the circuit court's orders dated July 13, 2020.

Affirmed.

**ISSUED:** June 23, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison

**DISSENTING:**

Justice William R. Wooton

7

Wooton, Justice, dissenting:

I respectfully dissent. I would have put this case on the Rule 20 docket in order to decide an issue of first impression: whether petitioner was entitled to a jury trial on the operative factual allegations set forth in his alleged violation of supervised release. *U.S. v. Haymond*, __ U.S. __, 139 S. Ct. 2369 (2019). A constitutional issue of this magnitude requires full briefing and argument, the issuance of a signed opinion, and a new syllabus point or points. *See, e.g.*, Syl. Pt. 13, *State ex rel. Med. Assurance of W. Va., Inc. v. Recht*, 213 W. Va. 457, 471, 583 S.E.2d 80, 94 (2003) ("[N]ew points of law . . . will be articulated through syllabus points as required by our state constitution.") (citing Syl. Pt. 2, in part, *Walker v. Doe*, 210 W. Va. 490, 558 S.E.2d 290 (2001)).

In this case, petitioner's alleged violation of supervised release resulted in a sentence of imprisonment for a term of fifteen years – a significant penalty, imposed based on a judge's finding that the State had established the facts by clear and convincing evidence, *not* on a jury's finding that the State had established the facts beyond a reasonable doubt. This Court has a duty to squarely face the issue of whether *Haymond* requires reversal, as this issue has significant consequences going forward. Accordingly, I respectfully dissent.