# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 17-0171** (Wood County 16-F-78)

**Zachary Wamsley,**
**Defendant Below, Petitioner**

**FILED**

**January 8, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Zachary Wamsley, by counsel Eric K. Powell, appeals the Circuit Court of Wood County's January 31, 2017, order revoking his probation. Respondent State of West Virginia, by counsel Gordon L. Mowen II, filed a response. On appeal, petitioner argues that the circuit court erred in failing to grant his motion for youthful offender treatment.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 5, 2016, petitioner pled guilty to one count of grand larceny. On June 14, 2016, the circuit court sentenced petitioner to not less than one year nor more than ten years of incarceration. The circuit court suspended petitioner's sentence, however, and placed him on three years of probation.

On December 14, 2016, petitioner's probation officer filed a petition to revoke petitioner's probation. Petitioner's probation officer alleged that petitioner used morphine without a valid prescription, admitted to smoking K-2[1], was convicted of the offense of driving with a suspended or revoked license, failed to appear for a random drug screen, and committed the offense of delivery of a controlled substance. All of the violations were alleged to have occurred within the first four months following petitioner's placement on probation. It is undisputed that all of the alleged transgressions were in violation of the terms and conditions of petitioner's probation.

---

[1]K-2 is synthetic cannabis. Nicole Piazza, *What is K2 and Why Is It Dangerous?*, The National Center on Addiction and Substance Abuse (Oct. 6, 2015), https://www.centeronaddiction.org/the-buzz-blog/what-k2-and-why-it-dangerous.

1

The circuit court held a hearing on the petition to revoke probation. Petitioner admitted to all of the violations alleged in the petition, except for the delivery of a controlled substance.[2] Petitioner also requested either imprisonment or youthful offender treatment. By order entered on January 31, 2017, the circuit court revoked petitioner's probation, denied his request for alternative sentencing, and imposed his original sentence of not less than one year nor more than ten years of incarceration. It is from this order that petitioner appeals.

On appeal, petitioner contends that the circuit court erred in failing to grant his motion for youthful offender treatment. Petitioner argues that his underlying crime was nonviolent and his first felony. Petitioner highlights that he admitted to and accepted responsibility for his actions. Petitioner also claims to have been in substantial compliance with the terms of his probation and that his "relapses" occurred within weeks of his sentencing hearing. Thus, petitioner maintains that revoking his probation and imposing his prison sentence "was too drastic and unnecessary of a decision[,]" and that youthful offender treatment would have been a more appropriate outcome.

We have previously articulated our standard of review as follows:

> When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Duke*, 200 W.Va. 356, 489 S.E.2d 738 (1997).

We find that the circuit court did not abuse its discretion in denying petitioner's motion for youthful offender treatment. The Youthful Offenders Act, West Virginia Code § 25-4-6, provides that

> [t]he circuit court may suspend the imposition of sentence of any young adult, as defined in this section, convicted of or pleading guilty to a felony offense, other than an offense punishable by life imprisonment, including, but not limited to, felony violations of the provisions of chapter seventeen-c of this code, who had attained his or her eighteenth birthday but had not reached his or her twenty-fourth birthday at the time the offense was committed for which the offender is being sentenced and commit the young adult to the custody of the West Virginia Commissioner of Corrections to be assigned to a center[.]

The language of the statute vests discretionary, not mandatory, authority in the circuit court to impose youthful offender treatment. *State v. Shaw*, 208 W.Va. 426, 430, 541 S.E.2d 21, 25 (2000) ("Just as a trial court's decision to grant or deny probation is subject to the discretion of

---

[2]That particular alleged violation was dismissed from the petition, but criminal charges arising from this violation remained pending.

the sentencing tribunal, so too is the decision whether to sentence an individual pursuant to the Youthful Offenders Act."). Petitioner admitted to four violations of the terms and conditions of his probation, all of which occurred in a relatively short time after being placed on probation. Thus, contrary to petitioner's assertion, he was not in "substantial compliance" with the terms and conditions of his probation, and he failed to demonstrate amenability to treatment other than incarceration. Therefore, the circuit court did not abuse its discretion in denying petitioner's motion for youthful offender treatment.

For the foregoing reasons, we affirm the circuit court's January 31, 2017, order revoking petitioner's probation.

Affirmed.

**ISSUED:** January 8, 2018

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker