**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)    No. 17-0607 (Cabell County 16-F-107)**

**Michelle Ann Kitchen,**
**Defendant Below, Petitioner.**

**FILED**

**November 2, 2018**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

After pleading guilty to providing her sixteen-year-old daughter with heroin, Petitioner Michelle Ann Kitchen was sentenced to incarceration. Her sentence was suspended, however, and she was placed on probation for three years with extended supervision for ten years. Six months later, Ms. Kitchen admitted to violating the terms of her probation by using a controlled substance and failing to attend outpatient rehabilitation therapy, in addition to other violations. The circuit court revoked her probation and reinstated her original sentence. Ms. Kitchen appeals[1] this decision on the basis that although she used drugs despite being prohibited from doing so, the restriction was not a "special term" of her probation and she should, therefore, be entitled to the application of West Virginia Code § 62-12-10(a)(2) (2014), which provides for a sixty-day incarceration instead of the reinstatement of her original sentence. For the reasons set forth below, we affirm the circuit court's revocation.

Because this case does not present a new or significant issue of law, and for the reasons set forth herein, we find that this case is suitable for disposition in a memorandum decision pursuant to Rule 21(c) of the West Virginia Rules of Appellate Procedure.

### I.    Facts and Procedural History

After considering charges against Ms. Kitchen including purchasing and providing her sixteen-year-old daughter with heroin, a Cabell County grand jury returned an indictment against her charging her in August of 2016 with six counts of child abuse creating a risk of injury and six counts of delivery of a controlled substance. On September

---

[1] Ms. Kitchen is represented in this appeal by counsel L. Victor Navy. Respondent State of West Virginia is represented by counsel Patrick Morrisey, Attorney General, Julianne Wisman, Assistant Attorney General, Scott E. Johnson, Assistant Attorney General, and Thomas T. Lampman, Assistant Attorney General.

1

9, 2016, Ms. Kitchen pled guilty to one count of each, for which she was later sentenced to one to five years and one to fifteen years of incarceration, respectively. These terms were ordered to run consecutively; but on November 7, 2016, the circuit court suspended Ms. Kitchen's sentence and instead placed her on probation for three years and extended supervision for ten years.

On May 22, 2017, the Cabell County Probation Office filed a petition to revoke Ms. Kitchen's probation on the basis that she had violated seven of the terms of her probation. Specifically, in violation of the fifth,[2] sixth,[3] and seventh[4] conditions, Ms. Kitchen failed to pay certain costs associated with her prosecution and probation. Similarly, in violation of the seventeenth[5] condition, she failed to pay for six administered drug screens.

In violation of the ninth[6] condition, which required Ms. Kitchen to truthfully answer all questions asked by her probation officer, Ms. Kitchen falsely reported that she abstained from using drugs, but tested positive for morphine on a drug screen administered that same day. In addition to testing positive for morphine, Ms. Kitchen admitted to having

---

[2] The fifth condition states: "You must pay a supervision fee of $5.00 per month, to be paid to the Cabell County Circuit Court Clerk within the first 7 days of each month."

[3] The sixth condition states: "You must pay a community corrections fees of $5.00 per month, to be paid to the Cabell County Circuit Court Clerk within the first 7 days of each month."

[4] The seventh condition states: "You must repay the entire cost of your prosecution by making a minimum payment of at least $10.00 per month to the Cabell County Circuit Clerk within the first 7 days of each month."

[5] The seventeenth condition states:

> You must give a specimen of blood, urine, saliva, or breath when ordered by your probation officer for a random drug screen. If you do not give a sample within one hour, it will be considered as a refusal and you will be considered in violation of your probation. You will pay for all drug screening/testing within 30 days of the test with payments being made to the Cabell County Circuit Clerk.

[6] The ninth condition states: "You must truthfully answer all questions asked by your probation officer, and follow all instructions given by your probation officer."

used heroin in violation of the eleventh[7] condition of probation, which prohibited the use of any type of drug without a prescription. And Ms. Kitchen failed to attend outpatient rehabilitation therapy in violation of the twenty-third condition, which required her to attend and participate in counseling or treatment as instructed by her probation officer.[8]

On June 2, 2017, the circuit court held a final probation revocation hearing, during which Ms. Kitchen admitted to having violated all seven terms. Ms. Kitchen moved the court for a sixty-day graduated sentence as prescribed by West Virginia Code § 62-12-10(a)(2). The circuit court denied this motion finding that she had violated a special condition of probation designed to protect the public and her children. In reliance on West Virginia Code § 62-12-10(a)(1)(C)—which provides for revocation of a sentence based upon a violation of a special condition—the circuit court revoked the suspension of Ms. Kitchen's sentence and reinstated her original sentence. Ms. Kitchen now appeals the circuit court's revocation.

## II. Standard of Review

We apply a three-pronged standard of review to probation revocation decisions: "[w]e review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* standard of review."[9]

With this standard in mind, we consider Ms. Kitchen's sole assignment of error, that the circuit court erred in denying her relief under West Virginia Code § 62-12-10(a)(2).

---

[7] The eleventh condition states:

> You will not have, use, or buy any type of drugs without a prescription from a doctor, except those drugs commonly referred to as "over the counter" drugs. You must not be with or around anybody illegally using or selling drugs, and you must not be at any place where controlled substances are illegally kept, used, sold, or distributed.

[8] The twenty-third condition states: "You must attend and participate in counseling or treatment as instructed by your probation officer, and continue in that program until otherwise instructed by your probation officer. You must also pay the cost of this counseling or treatment."

[9] Syl. Pt. 1, in part, *State v. Duke*, 200 W. Va. 256, 489 S.E.2d 738 (1997).

## III. Discussion

Upon our review, we find no abuse of discretion in the circuit court's decision to revoke Ms. Kitchen's probation and reinstate her original sentence. In compliance with the procedural requirement to hold a prompt and summary hearing as set forth in West Virginia Code § 62-12-10(a),[10] the circuit court considered the State's Petition to Revoke at a final hearing on June 2, 2017. As outlined above, during this hearing, Ms. Kitchen admitted to having violated multiple terms and conditions of her probation, including (1) failing to pay costs associated with probation for several months; (2) giving a false statement to a probation officer; (3) using controlled substances (heroin and morphine); (4) failing to pay for the last six drug screens; and (5) failing to attend outpatient therapy.

West Virginia Code § 62-12-10(a)(1) authorizes a circuit court to impose a sentence or order that a sentence be executed upon determining that there is reasonable cause to believe that a probationer has violated any of the conditions found within the statute. Specifically, West Virginia Code § 62-12-10(a)(1) provides:

> [i]f the court or judge finds reasonable cause exists to believe that the probationer:
>
> (A) absconded supervision;
>
> (B) engaged in new criminal conduct other than a minor traffic violation or simple possession of a controlled substance; or
>
> *(C) violated a special condition of probation designed either to protect the public or a victim; the court or judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has*

---

[10] West Virginia Code § 62-12-10 provides:

> (a) If at any time during the period of probation there shall be reasonable cause to believe that the probationer has violated any of the conditions of his or her probation, the probation officer may arrest him or her with or without an order or warrant, or the court which placed him or her on probation, or the judge thereof in vacation, may issue an order for his or her arrest, whereupon he or she shall be brought before the court, or the judge thereof in vacation, for a prompt and summary hearing.

4

*been imposed and order that sentence be executed.*[11]

The circuit court found that Ms. Kitchen's admitted use of heroin, in violation of a direct written term not to do so, amounted to a violation of a "special condition of probation designed either to protect the public or a victim."[12] Ms. Kitchen, however, argues on appeal that this provision was not a "special condition" because it was not explicitly labeled as such and that her use of heroin at most could be deemed simple possession, which, she argues, is explicitly carved out from West Virginia Code § 62-12-10(a)(1)(B).[13] As a result, Ms. Kitchen argues that she is entitled to the mandatory protection found in West Virginia Code § 62-12-10(a)(2), which provides:

> [i]f the judge finds that reasonable cause exists to believe that the probationer violated any condition of supervision other than the conditions of probation set forth in subdivision (1) of this subsection then, for the first violation, the judge shall impose a period of confinement up to sixty days or, for the second violation, a period of confinement up to one hundred twenty days. For the third violation, the judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed and order that sentence be executed, with credit for time spent in confinement under this section.

Given the egregious underlying facts of this case and the extraordinary opportunity granted to Ms. Kitchen for a second-chance, we are inclined to agree with the circuit court that the condition imposed upon Ms. Kitchen that she not use drugs is a special and tailored condition that was designed to protect the public and, more specifically, to protect her daughter, the victim of the underlying crime.

We find it instructive to review West Virginia Code § 62-12-9(a) (2014), which provides mandatory conditions imposed in every probation by statute and includes, in relevant part:

---

[11] (Emphasis added).

[12] *Id.*

[13] West Virginia Code § 62-12-10(a)(1)(B) states "engaged in new criminal conduct other than a minor traffic violation or simple possession of a controlled substance."

5

(1) That the probationer may not, during the term of his or her probation, violate any criminal law of this or any other state or of the United States;

(2) That the probationer may not, during the term of his or her probation, leave the state without the consent of the court which placed him or her on probation;

(3) That the probationer complies with the conditions prescribed by the court for his or her supervision by the probation officer;

…

(5) That the probationer pay a fee, not to exceed $20 per month, to defray costs of supervision….

As a result of the drug-related nature of the underlying offense, in this case, the court found it appropriate to impose three drug-related terms of probation, all of which were violated by Ms. Kitchen. Importantly, none of these terms were contained within the list of terms mandatorily imposed on all probationers. Accordingly, it is clear to this Court that the circuit court imposed these special conditions due to the unique and devastating facts of this case. Because we find that this was a special condition of her probation, which she has admitted to violating, the protections set forth in West Virginia § 62-12-10(a)(2) do not apply and, therefore, the circuit court did not abuse its discretion in reinstating her sentence.

Affirmed.

**ISSUED:** November 2, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Jennifer F. Bailey, sitting by temporary assignment

Justice Allen H. Loughry II, suspended and therefore not participating, and Justice Paul T. Farrell, sitting by temporary assignment, disqualified.

6