**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0641** (Wood County 17-F-287-W)

**Amanda L. Massey,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Amanda L. Massey, by counsel Dustin Schirmer and William B. Summers, appeals the July 23, 2020, order of the Circuit Court of Wood County revoking petitioner's probation and imposing petitioner's suspended sentence of one to five years of incarceration for conspiracy to commit grand larceny. Respondent State of West Virginia, by counsel Patrick Morrisey and William E. Longwell, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2017, petitioner was indicted in the Circuit Court of Wood County on one count of grand larceny and on one count of conspiracy to commit grand larceny.[1] The parties negotiated a plea agreement, pursuant to which the State agreed to dismiss the grand larceny charge in exchange for petitioner's guilty plea on the charge of conspiracy to commit grand larceny. Petitioner further agreed to entering a long-term inpatient drug treatment program. If petitioner successfully completed the treatment program, the plea agreement provided that the State would make a non-

---

[1]Petitioner and her codefendant were accused of stealing a 2014 Kawasaki motorcycle.

1

binding recommendation that petitioner's sentence be suspended in favor of probation. If petitioner failed to complete the treatment program, "there shall be no agreement on sentencing." The plea agreement further provided, in pertinent part, that, if petitioner "is granted probation . . . and later violates [said probation], the State shall not be bound to again recommend probation."

Pursuant to the plea agreement, petitioner pleaded guilty to conspiracy to commit grand larceny. Sentencing was set for August 15, 2018. However, on that date, the circuit court was not able to proceed with sentencing because petitioner was "under the influence" and failed to complete a treatment program. The circuit court continued sentencing at least twice. Petitioner was again directed to complete a long-term inpatient drug treatment program, which she did. At a December 20, 2018, sentencing hearing, the circuit court sentenced petitioner to one to five years of incarceration for conspiracy to commit grand larceny. The circuit court suspended petitioner's sentence in favor of a three-year term of probation subject to the terms and conditions thereof.

On January 24, 2020, the State filed a petition to revoke petitioner's probation, alleging thirteen violations of the terms and conditions of probation: six instances of petitioner using Methamphetamine; two instances of petitioner using Fentanyl; one instance of petitioner having contact with her codefendant; two instances of petitioner using drugs with another person; and two instances of petitioner failing to submit to a urine screen. At a January 30, 2020, revocation hearing, the parties presented the circuit court with an agreed disposition. According to the agreed disposition, petitioner would admit to all thirteen of the probation violations set forth in the petition and receive a sentence of sixty days of incarceration pursuant to West Virginia Code § 62-12-10(a)(2). After the term of incarceration, the following terms would be added to petitioner's probation: that she attend therapy; report to the day report center for additional drug screens; attend a minimum of two Narcotics Anonymous/Alcoholics Anonymous meetings each week; and obtain and maintain a sponsor. The circuit court accepted the agreed disposition and imposed the sixty-day sentence of incarceration and the additional probation terms. Petitioner was released from incarceration and resumed her term of probation on March 15, 2020.

On June 26, 2020, the State filed a second petition to revoke petitioner's probation, alleging five violations: one instance of petitioner leaving Wood County without her probation officer's permission; two instances of petitioner failing to report to the day report center for a drug screen; one instance of testing positive for Fentanyl; and one instance of petitioner admitting to consuming alcohol, which was "also shown by a drug screen from the [d]ay [r]eport [c]enter[.]"

At a July 20, 2020, revocation hearing, petitioner admitted to all five of the additional probation violations set forth in the second petition. Petitioner argued that, because she was sentenced to sixty days of incarceration pursuant to West Virginia Code § 62-12-10(a)(2) for a "first violation," she should receive a term of 120 days of incarceration for a "second violation" and thereafter resume her probation. Petitioner further argued that, if a "third violation" was committed, West Virginia Code § 62-12-10(a)(2) would authorize the revocation of probation and the imposition of her suspended sentence of one to five years of incarceration. Finally, petitioner requested that another term be added to her probation, namely, that she take the prescription drug Vivitrol which controls "cravings for alcohol [and] opiates."

The State argued that, while it filed only two petitions to revoke petitioner's probation, petitioner admitted to a total of eighteen separate probation violations. Accordingly, the State asked the circuit court to revoke petitioner's probation and impose the suspended sentence of one to five years of incarceration.

In responses to the circuit court, petitioner acknowledged that her sentencing had to be continued due to her intoxication and that she failed to complete the first treatment program. Twice, the circuit court sought the opinion of petitioner's probation officer. The probation officer stated that petitioner was not honest with the officer because the officer had to "directly confront[] her with the drug screen." When asked if "[petitioner]'s going to respond to your supervision if placed back on probation," the probation officer expressed her belief that petitioner would not be responsive. The probation officer explained, "I don't believe [petitioner] will be able to stop using."

Accordingly, the circuit court revoked petitioner's probation and imposed the suspended sentence of one to five years of incarceration. The circuit court ruled that, although "there have just been two petitions, in the first petition[,] there were actually 13 violations, and then, [in] this petition[,] there [are] five violations."

Petitioner now appeals the circuit court's July 23, 2020, revocation order. We review probation revocation orders under the following standard:

> "When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Duke*, 200 W.Va. 356, 489 S.E.2d 738 (1997).

Syl. Pt. 1, *State v. Inscore*, 219 W. Va. 443, 634 S.E.2d 389 (2006).

On appeal, petitioner argues that, rather than revoking her probation, the circuit court was required to impose a 120-day sentence of incarceration because, pursuant to West Virginia Code § 62-12-10(a)(2), the State's second petition represented the "second violation" of her probation. West Virginia Code § 62-12-10(a)(2) provides, in pertinent part:

> If the judge finds that reasonable cause exists to believe that the probationer violated any condition of supervision . . . then, for the first violation, the judge shall impose a period of confinement up to sixty days or, for the second violation, a period of confinement up to one hundred twenty days. For the third violation, the judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed and order that sentence be executed, with credit for time spent in confinement under this section.

3

The State argues that the argument raised by petitioner was rejected by this Court in *State v. Krystal M.*, No. 14-0737, 2015 WL 1740302 (W. Va. Apr. 13, 2015) (memorandum decision), where the State alleged sixty-three violations of a defendant's probation in one petition. *Id.* at *1. The defendant in *Krystal M.* admitted to the sixty-three violations, but argued that "she was only subject to a sixty-day term of incarceration for her first probation violation pursuant to West Virginia Code § 62-12-10(a)(2)[.]" *Id.* This Court in *Krystal M.* disagreed, finding that

> West Virginia Code § 62-12-10(a)(2) grants a circuit court the discretion to "revoke the suspension of imposition or execution of sentence" following a third probation violation. As noted above, petitioner admitted to sixty-three separate probation violations. These sixty additional probation violations are well in excess of the statutory minimum required to revoke petitioner's probation. Thus, we find no merit in petitioner's suggestion that she should have been confined for an additional period of sixty days.

*Id.* at *2. Here, we concur with the circuit court's finding that it had the discretion pursuant to West Virginia Code § 62-12-10(a)(2) to revoke petitioner's probation and impose the suspended sentence of one to five years of incarceration based upon petitioner's admission that she committed a total of eighteen separate violations of her probation.

Petitioner acknowledges that the circuit court's decision regarding the State's second petition to revoke probation is reviewed for an abuse of discretion. Furthermore, "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Based on our review of petitioner's and the probation officer's responses to the circuit court's questions at the July 20, 2020, revocation hearing, and the record as a whole, we find no abuse of discretion and no reason to disturb the circuit court's revocation of probation and imposition of the suspended sentence.

For the foregoing reasons, we affirm the circuit court's July 23, 2020, order revoking petitioner's probation and imposing petitioner's suspended sentence of one to five years of incarceration.

Affirmed.

**ISSUED:** January 12, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton