**FILED**
**October 18, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-608** (Grant County 20-F-47)

**Trevor H.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Trevor H.[1] appeals the Circuit Court of Grant County's June 6, 2022, sentencing order following his convictions for two counts of sexual assault in the third degree, in violation of West Virginia Code § 61-8B-5.[2] Upon our review, we determine oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

Petitioner was indicted on four counts of sexual assault in the third degree. After petitioner's arraignment, the circuit court appointed a guardian ad litem to represent the interests of petitioner's alleged victims, minors O.V. and H.S. Petitioner subsequently pled guilty to two counts of sexual assault in the third degree, and the remaining two counts were dismissed pursuant to a plea agreement. In the plea agreement, the State recommended concurrent sentences for the remaining counts and otherwise agreed to remain silent regarding petitioner's request for an alternative sentence.

At petitioner's sentencing hearing, the State remained silent as required by the parties' plea agreement. Neither the minor victims nor their families appeared in court to make a victim impact statement, and the court asked the guardian ad litem to speak on their behalf. The guardian ad litem opposed alternative sentencing and described the negative effect that petitioner's crimes had on the victims. Further, the guardian stated the victim's family was "not thrilled" by the State's recommendation of concurrent sentences. The guardian also raised a concern that petitioner contacted one of victims during the pendency of the criminal case. Petitioner denied this contact occurred, but he did not object to the guardian's right to provide a victim impact statement. The

---

[1] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40(e).

[2] Petitioner appears by counsel Shawn R. McDermott. Respondent appears by Attorney General Patrick Morrisey and Assistant Attorney General Andrea Neese Proper.

1

court rejected petitioner's request for alternative sentencing, imposed a sentence of one to five years in prison for each count of conviction, and ran these sentences concurrently. Petitioner appeals this order.

We review a sentencing order "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). As we have explained, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

In his first assignment of error, petitioner argues the court plainly erred by violating his right to due process when it asked for the guardian ad litem's testimony at sentencing, because he did not have notice the guardian would provide a victim impact statement. Because petitioner did not timely object to the guardian's testimony at sentencing, "any error by the trial court is foreclosed from appellate review unless it rises to the level of plain error." *State v. Miller*, 194 W. Va. 3, 17, 459 S.E.2d 114, 128 (1995). "[T]he 'plain error' doctrine 'authorizes [an appellate court] to correct only 'particularly egregious errors' . . . that 'seriously affect the fairness, integrity, or public reputation of judicial proceedings[.]'" *Id*. at 18, 459 S.E.2d at 129 (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)). "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Miller*, 194 W. Va. at 7, 459 S.E.2d at 118, Syl. Pt. 7.

We find no error in this case. Petitioner was convicted of sexual assault, and the court was obligated to "address the victim[s] personally if the victim[s are] present at the sentencing hearing and determine if the victim[s] wish[] to make a statement or present any information in relation to the sentence." W. Va. R. Crim. P. 32(c)(3)(E). Further, the victims' right to allocute at sentencing may be exercised by a parent or legal guardian if the victim "is below the age of eighteen years . . . ." W. Va. R. Crim. P. 32(f). In this case, neither the victims nor their families attended petitioner's sentencing hearing. Instead, the court directed the guardian ad litem to speak on their behalf. *See* W. Va. Tr. Ct. R. 39.02.

The guardian ad litem presented information from the victim's perspective that was relevant to the court's sentencing determination and provided an independent recommendation as to sentencing. *See id.*; *cf. In re Jeffrey R.L.*, 190 W. Va. 24, 38, 435 S.E.2d 162, 176 (1993) (finding that, in a child abuse and neglect case, "the GAL should render informed and independent recommendations which serve the child's best interests.").

The record on appeal does not support petitioner's argument that the guardian ad litem's proffer rendered the sentencing hearing fundamentally unfair in violation his right to due process. Petitioner had both notice of the guardian's involvement in his case and the right to respond to the guardian's proffer. *See* Syl. Pt. 2, in part, *State v. Spade*, 225 W. Va. 649, 695 S.E.2d 879 (2010) (holding that "'[t]he due process of law guaranteed by the State and Federal Constitutions, when applied to procedure in the courts of the land, requires both notice and the right to be heard.' Syllabus Point 2, *Simpson v. Stanton*, 119 W. Va. 235, 193 S.E. 64 (1937).") (citing Syl. Pt. 2, *State ex rel. Bd. of Educ. Of County of Putnam v. Beane*, 224 W. Va. 31, 680 S.E.2d 46 (2009)).

Petitioner had notice of the guardian's participation in the sentencing hearing because the court appointed the guardian shortly after arraignment and the guardian participated in at least one pretrial hearing before petitioner's plea. Petitioner exercised his right to be heard at sentencing when he denied the guardian's claim that he had prohibited contact with the victim. In sum, petitioner has not suffered a due process violation because he had notice of the guardian's involvement in his case and an opportunity to respond to her proffer at his sentencing hearing. Thus, the court finds no error. *See Miller*, 194 W. Va. at 7, 459 S.E.2d at 118, Syl. Pt. 7.

In his second assignment of error, petitioner argues the guardian ad litem's opposition to probation or deferred adjudication violated the neutrality provision of his plea agreement with the State. Petitioner did not object to this issue during the sentencing hearing, and he does not explain the effect of this alleged error under the plain error analysis. *See id.*

This Court finds no error because the guardian ad litem was not a party to the plea agreement. This Court's rules contemplate that plea agreements are to be negotiated by the attorneys for the State and the defendant. W. Va. R. Crim. P. 11(e)(1). Further,

> a plea agreement is subject to principles of contract law insofar as its application insures a defendant receives that to which he is entitled. . . . when a defendant enters into a plea agreement with the prosecution, the circuit court must ensure the defendant receives what is reasonably due him under the plea agreement. If the defendant lives up to his end of the bargain, the circuit court and the prosecutor are bound by their promises.

*State ex rel. Brewer v. Starcher*, 195 W. Va. 185, 192, 465 S.E.2d 185, 192 (1995); Syl. Pt. 4, *State v. Myers*, 204 W. Va. 449, 513 S.E.2d 676 (1998) (holding that "[w]hen a defendant enters into a valid plea agreement with the State that is accepted by the trial court, an enforceable 'right' inures to both the State and the defendant not to have the terms of the plea agreement breached by either party.").

The guardian ad litem was appointed to represent the minor victims' interests, not the State's. *See* W. Va. Tr. Ct. R. 39.02. The guardian was not a party to petitioner's plea agreement, and she was not bound by the State's agreement to stand silent on the defendant's request for alternative sentencing. In sum, the guardian's opposition to alternative sentencing did not violate petitioner's plea agreement, and this Court finds no error. *See Miller*, 194 W. Va. at 7, 459 S.E.2d at 118, Syl. Pt. 7. Thus, this Court rejects petitioner's second assignment of error.

In his third assignment of error, petitioner argues the circuit court abused its discretion when it refused to grant petitioner's motion for alternative sentencing. This Court "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). Indeed, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." *Goodnight*, 169 W. Va. at 366, 287 S.E.2d at 505, Syl. Pt. 4. An alternative sentence, such as probation or deferred adjudication, "is a privilege of conditional liberty bestowed upon a criminal defendant through the grace of the circuit court." *State v. Duke*, 200 W. Va. 356, 364, 489 S.E.2d 738, 746 (1997).

The court rejected petitioner's request for alternative sentencing for many reasons, including the "detriment caused to the victims in this case," and the "significant age gap" between petitioner and his victims. The court further noted that both the guardian ad litem and the victims opposed alternative sentencing. Petitioner does not allege his sentence exceeds statutory limits, and the court finds petitioner's sentence is within the range set forth by statute. After considering the totality of circumstances and the record on appeal, we find the circuit court did not abuse its discretion in denying petitioner's request for alternative sentencing.

For the foregoing reasons, we affirm the circuit court's June 6, 2022, sentencing order.

Affirmed.

**ISSUED:** October 18, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn