**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**January 25, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-646** (Wood County 21-F-268)

**Nicholas Kane Montgomery,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Nicholas Kane Montgomery appeals the Circuit Court of Wood County's July 7, 2022, order sentencing him to not less than two nor more than ten years of incarceration for soliciting a minor via computer and ordering that he be placed on extended supervision for twenty years, and he here challenges that sentence.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

Petitioner was indicted in September 2021 on one count each of third-degree sexual assault, use of obscene matter with intent to seduce a minor, and soliciting a minor via computer. At the time he was alleged to have committed these crimes, petitioner was eighteen years old. His victim, A.S., was thirteen. In January 2022, petitioner and the State entered into a plea agreement. Pursuant to that agreement, petitioner pled guilty to soliciting a minor via computer, and the State agreed to dismiss the remaining charges. The circuit court accepted petitioner's plea, and he underwent a sex offender risk assessment in aid of sentencing, which was left to the court's discretion under the terms of the plea agreement.

The examiner who performed the sex offender risk assessment concluded that petitioner "presents as a Low Risk regarding the probability of sex offender reoffending." The examiner also reported that it was his "understanding that with the exception of the instant offense, [petitioner] has not engaged in prior attempts to groom minors with the intent of sexual involvement."

---

[1] Petitioner appears by counsel Reggie R. Bailey, and the State appears by Attorney General Patrick Morrisey and Assistant Attorney General Lara K. Bissett. Initials are used where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

Petitioner appeared for sentencing on March 21, 2022, and argued for probation. During allocution, petitioner referenced a second victim, apologizing for "meeting with two minors that would be ages [thirteen] and [fourteen], and . . . for engaging in sexual activity with [A.S., the victim of the crime to which he pled guilty,] and sending pictures to her and [another minor]."[2]

The court sentenced petitioner to a twenty-year term of extended supervision; however, the court "defer[red] further sentencing" and ordered that petitioner undergo an additional evaluation due to the court's concern that petitioner was not "fully honest with the evaluator regarding the other child that has been mentioned." The report following that second evaluation again made no reference to petitioner's other victim. Instead, the evaluator noted that because the "current charge is [petitioner's] first sexual offense as well as criminal offense[,] . . . no victim pattern or pattern of problematic sexual behavior and poor decision making is known." The evaluator stated further that petitioner "does not exhibit predatory behavior" and determined that petitioner presented "minimal risk of returning to criminal behavior."

The parties appeared for continued sentencing on June 16, 2022, and petitioner again argued for probation. The court recounted that

> [w]e have a case where we have not just soliciting by the computer, but a period of grooming and predatory activity. And as mentioned by the Prosecutor, there was a second young lady involved, and that was covered at the last hearing. We do have actual sexual activity, including oral sex and digital penetration. So this is a very extremely serious case happening to a junior high student by an eighteen-year-old at the time. And he indicated that he well knew that she was a junior high student and understood her age.

Because "this is a very serious crime and we do have the victim impact statement as to how it has affected the victim in this case," the court saw "no choice" but to deny petitioner's motion for probation and to sentence him to not less than two nor more than ten years of incarceration. In its July 7, 2022, sentencing order from which petitioner appeals, the court memorialized petitioner's sentence and its denial of petitioner's request for probation, finding that "the character of the [petitioner] and the circumstances of the case indicate that he is likely to again commit crime and that the public good does require that he be imprisoned."

On appeal, petitioner raises three assignments of error. First, relying on *State v. Arbaugh*, 215 W. Va. 132, 595 S.E.2d 289 (2004), where this Court found error in the circuit court's denial of probation given the defendant's "tender age and [own] extreme victimization," *id.* at 137, 595 S.E.2d at 294, petitioner argues that his own young age and traumatic upbringing, along with his lack of prior criminal history, "limited intellectual ability," and low re-offense risk, warranted probation or other alternative sentence. Petitioner also argues that the court's reference to his "predatory" behavior was erroneous in light of the evaluations that concluded otherwise. For these same reasons, petitioner argues in his second assignment of error that the court erred in not

---

[2] According to the State, the other minor "did not want . . . to be part of an investigation." Petitioner's counsel also referenced the other minor, representing that petitioner had expressed remorse for his conduct related to both minors.

sentencing him as a youthful offender. In his third assignment of error, petitioner argues that his twenty-year period of supervised release violates double jeopardy principles and is disproportionate.

This Court "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 2, in part, *State v. Georgius*, 225 W. Va. 716, 696 S.E.2d 18 (2010) (quoting Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997)). The discretion afforded to courts at sentencing includes deciding whether to impose probation: "[T]he decision as to whether the imposition of probation is appropriate in a certain case is entirely within the circuit court's discretion." *State v. Shaw*, 208 W. Va. 426, 430, 541 S.E.2d 21, 24 (2000) (quoting *State v. Duke*, 200 W. Va. 356, 364, 489 S.E.2d 738, 746 (1997)). And it includes deciding whether to sentence a defendant as a youthful offender: "Just as a trial court's decision to grant or deny probation is subject to the discretion of the sentencing tribunal, so too is the decision whether to sentence an individual pursuant to the Youthful Offender's Act."[3] *Id.* at 430, 541 S.E.2d at 25; *see also State v. Richard D.*, No. 13-1249, 2015 WL 7628835, *3 (W. Va. Nov. 23, 2015)(memorandum decision) (finding no abuse of discretion in the circuit court's denial of alternative sentencing). Nothing in *Arbaugh* alters this discretion, mandates the imposition of an alternative sentence in any case, or otherwise evidences an abuse of the court's discretion in this case. *See Georgius*, 225 W. Va. at 721, 696 S.E.2d at 23 ("This Court's decision in *Arbaugh* did not create any new standards, guidelines, or requirements to be followed by the circuit courts of this State[; rather,] *Arbaugh* was a per curiam decision decided by this Court upon application of existing precedent and was confined to the very specific facts of that case."). Instead, the record in this case reflects the court's reasoned explanation for its denial of an alternative sentence, with particular focus given to the effects of petitioner's crime on his victim, and the court's discounting of the conclusions reached by the evaluators was reasonable as those evaluators lacked information pertinent to the conclusions they were formulating. Accordingly, petitioner has demonstrated no abuse of the court's discretion in denying him an alternative sentence, as alleged in his first two assignments of error, and we find no abuse of the court's discretion.

Petitioner's third assignment of error also lacks merit. We easily dispense with petitioner's claim that the imposition of a term of supervised release violates double jeopardy principles, having previously held that

> [t]he imposition of the legislatively mandated additional punishment of a period of supervised release as an inherent part of the sentencing scheme for certain offenses enumerated in West Virginia Code § 62-12-26 (2009) does not on its face violate the double jeopardy provisions contained in either the United States Constitution or the West Virginia Constitution.

Syl. Pt. 11, *State v. James*, 227 W. Va. 407, 710 S.E.2d 98 (2011). Further, this Court's review of a challenge to the proportionality of a sentence, including a term of supervised release, is reserved for life recidivist sentences or sentences for crimes involving no statutory maximum. Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981) ("While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically

---

[3] Petitioner's plea agreement likewise explicitly left sentencing to the court's discretion.

applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence."); Syl. Pt. 3, *State v. Tyler*, 211 W. Va. 246, 565 S.E.2d 368 (2002) ("Sentences imposed by the trial court, if within statutory limits and if not based on some impermissible factor, are not subject to appellate review.") (quoting Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982)). Because the extended supervision statute has a fixed maximum, *see* West Virginia Code § 62-12-26(a) (requiring imposition of a period of supervised release of up to fifty years for soliciting a minor via computer), and because we are not here considering a life recidivist sentence, petitioner's extended supervision sentence is not reviewable. *See State v. Jeffrey S.*, No. 15-1222, 2016 WL 6678992, *3 (W. Va. Nov. 14, 2016)(memorandum decision) (finding that petitioner's extended supervision sentence was not reviewable as it was "imposed within the statutory guidelines" and, therefore, not unconstitutionally disproportionate); *State v. Pifer*, No. 12-1544, 2013 WL 5708442, *2 (W. Va. Oct. 21, 2013)(memorandum decision) (finding that the defendant's twenty-five-year term of extended supervision was "within the confines of West Virginia Code § 62-12-26 and, therefore, . . . not subject to appellate review").

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 25, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn