# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**
**January 25, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-0477** (Berkeley County CC-02-2021-F-130)

**Nicholas Avory Cook,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Nicholas Avory Cook appeals the Circuit Court of Berkeley County's May 23, 2022, conviction and sentencing order sentencing him to two to ten years of incarceration, followed by twenty-five years of supervised release, for possession of child pornography in violation of West Virginia Code § 61-8C-3.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. See W. Va. R. App. P. 21.

Following a tip from the National Center for Missing and Exploited Children, law enforcement officers obtained a search warrant for petitioner's residence. After seizing electronic devices from petitioner's residence, officers obtained an additional warrant to extract data from those devices. As a result of the data extracted from the devices, a grand jury indicted petitioner of one count of possession of more than 600 images of child pornography and one count of possession of child pornography with bestiality. The indictment alleged that petitioner's phone contained "over 100,000 images and just under 1,000 videos," some of which depicted minor females involved in sexual activity with dogs and adult males. On November 1, 2021, petitioner entered into a plea agreement with the State whereby he would plead guilty to one count of possession of more than 50 but less than 600 images of child pornography, while count two would be dismissed. The plea agreement provided that petitioner would receive the statutory sentence of two to ten years, with the State standing silent regarding any request for alternative sentencing. The agreement further provided that petitioner would serve a term of supervised release of fifty years at the discretion of the circuit court.

After the completion of a psychological evaluation, psycho-sexual risk assessment, and pre-plea investigation report, the circuit court conducted petitioner's plea hearing. During that hearing, petitioner confirmed he understood the maximum penalty for the offense was two to ten years of incarceration, he was aware that the crime was a felony, and he would be required to register as a sex offender for the remainder of his life. Also during that hearing, petitioner's counsel

---

[1] Petitioner appears by counsel B. Craig Manford. The State of West Virginia appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General R. Todd Goudy.

1

argued in favor of an alternative sentence of probation for petitioner, and the State stood silent as to that motion. At the conclusion of the hearing, and as reflected in its May 23, 2022, conviction and sentencing order, the circuit court denied petitioner's request for an alternative sentence and sentenced petitioner to two to ten years of incarceration to be followed by twenty-five years of supervised release upon his release from incarceration. Petitioner appeals from that order.

In his single assignment of error, petitioner asserts that the circuit court abused its discretion by denying his motion for an alternative sentence of probation, further asserting that his sentence is disproportionate and unconstitutional. Unless a sentence "violates statutory or constitutional commands," we review a court's imposition of a sentence for an abuse of discretion. Syl. Pt. 1, *State v. Lucas,* 201 W. Va. 271, 496 S.E.2d 221 (1997). Still, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). That guideline is tempered, however, by the Eighth Amendment's "'proportionality principle: "Penalties shall be proportioned to the character and degree of the offence.'" Syllabus point 8, *State v. Vance*, 164 W. Va. 216, 262 S.E.2d 423 (1980)." Syl. Pt. 4, in part, *State v. Booth*, 224 W. Va. 307, 685 S.E.2d 701 (2009). We apply two tests to evaluate the proportionality of a sentence. "The first is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. If a sentence is so offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further." *State v. Cooper*, 172 W. Va. 266, 272, 304 S.E.2d 851, 857 (1983). The second is an objective inquiry, requiring us to give consideration "to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction." *Id.* (quoting Syl. Pt. 5, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981)).

Petitioner argues that his sentence was excessive because it shocks the conscience of the court and society, further asserting that his sentence "cannot pass a societal and judicial sense of justice." However, petitioner presents only skeletal assertions with regard to how his sentence is disproportionate, including setting forth legal standards without applying them to the facts of his case. As petitioner acknowledges, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Riffle*, 247 W. Va. 14, 875 S.E.2d 152 (2002). Petitioner has not alleged that the court considered any impermissible factor, and the transcript of the plea hearing does not evidence the consideration of any such factor. Instead, the transcript shows that the court set forth its expectation that "somebody who is working in a setting with vulnerable children [in a juvenile detention center] would have reported [the dissemination of child pornography] to law enforcement." It also expressed concern for "[t]he level of damage to the children who are described in those images[.]" Importantly, petitioner's sentence complies with the statute.

While petitioner argues that he was entitled to probation, this Court has found that "[t]he decision of a trial court to deny probation will be overturned only when, on the facts of the case, that decision constituted a palpable abuse of discretion." Syl. Pt. 3, *State v. Shaw*, 208 W. Va. 426, 541 S.E.2d 21 (2000). In addition, "the decision as to whether the imposition of probation is appropriate in a certain case is entirely within the circuit court's discretion." *State v. Duke*, 200 W.

2

Va. 356, 364, 489 S.E.2d 738, 746 (1997). The indictment alleged that petitioner was in possession of more than 600 images of pornography, including images or videos of a child engaged in bestiality. The plea agreement reduced the severity of the crime of conviction, and the circuit court set forth its reasoning for the imposition of the statutory sentence. We, therefore, find that the court did not abuse its discretion in denying petitioner's motion for an alternative sentence and, instead, imposing the indeterminate statutory term of incarceration.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 25, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn