**FILED**
**January 25, 2024**
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-0298** (Berkeley County CC-02-2019-F-352)

**Antoine Lane,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Antoine Lane appeals the Circuit Court of Berkeley County's March 18, 2022, conviction and sentencing order sentencing him to an aggregate sentence of eleven to twenty-five years of incarceration for distribution of cocaine and conspiracy to distribute cocaine.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision is appropriate. See W. Va. R. App. Proc. 21.

In 2019, a grand jury indicted petitioner on multiple drug charges related to "multiple controlled [drug] buys," including a hand-to-hand transfer of cocaine from a drug supplier to a confidential informant in September 2017. Petitioner entered into a plea agreement whereby he pled nolo contendere to one count of the felony offense of conspiracy to distribute cocaine and one count of the felony offense of distribution of cocaine. In exchange, the State agreed to dismiss the remaining counts of the indictment and agreed not to file a recidivist action against petitioner. Additionally, the State agreed not to pursue "as of yet uncharged criminal drug-related conduct" by petitioner that occurred on specified dates in 2017 and 2018. The State further agreed to dismiss charges against petitioner pending in an unrelated case. During petitioner's plea hearing, following a plea colloquy, the circuit court found a factual basis to support the entry of petitioner's plea.

Pursuant to the plea agreement, the State remained silent and made no sentencing recommendation. Petitioner's counsel also waived petitioner's right of allocution. Petitioner's counsel argued in favor of a suspended sentence, which would result in seven years of supervised probation. After considering the issues and the content of the pre-sentence investigation report, the court sentenced petitioner to ten years of incarceration for conspiracy to distribute cocaine and one to fifteen years for distribution of cocaine, said sentences to run consecutively. As the court stated in its March 18, 2022, conviction and sentencing order, it voiced a number of reasons for its decision, including petitioner's "lengthy history of not incidental offenses;" employment prospects that were "speculative at best;" suggestions that he will live with a woman who was charged with felony drug-related offenses; and petitioner's admissions that "he is addicted to selling rather than

---

[1] Petitioner appears by counsel Patrick Kratovil. The State of West Virginia appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General R. Todd Goudy.

using drugs, [] his primary vocation has been selling drugs, and [he] violated bond herein." Petitioner was given credit for time served and remanded to the custody of the WVDOCR. Petitioner appeals from that order.[2]

In his single assignment of error, petitioner asserts that the circuit court erred in imposing his sentence because his sentence was harsher than that of his codefendants. As we have stated, "We review a sentencing order 'under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.'" *State v. Hoyle*, 242 W. Va. 599, 611, 836 S.E.2d 817, 829 (2019) (quoting Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997)). In addition, we have long held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Riffle*, 247 W. Va. 14, 875 S.E.2d 152 (2002). That guideline is tempered, however, by the Eighth Amendment's "'proportionality principle: "Penalties shall be proportioned to the character and degree of the offence."' Syllabus point 8, *State v. Vance*, 164 W. Va. 216, 262 S.E.2d 423 (1980)." Syl. Pt. 4, in part, *State v. Booth*, 224 W. Va. 307, 685 S.E.2d 701 (2009). We apply two tests to evaluate the proportionality of a sentence. "The first is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. If a sentence is so offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further." *State v. Cooper*, 172 W. Va. 266, 272, 304 S.E.2d 851, 857 (1983). The second is an objective inquiry, requiring us to give consideration "to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction." *Id.* (quoting Syl. Pt. 5, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981)).

Petitioner has not alleged that the court considered any impermissible factor, and the transcript of the plea hearing does not evidence the consideration of any such factor. In addition, petitioner has not alleged that his sentences are not within statutory limits, and the sentences imposed are clearly within the respective statutory ranges for felony delivery of a controlled substance and felony drug conspiracy. The transcript of the plea hearing evidences the fact that the State intended to present evidence of drug deals between petitioner and a confidential informant and that charges dismissed as part of the plea agreement included possession of marijuana and

---

[2] This Court has *extremely* limited factual information in this case because the appendix record contains only three documents: the signed plea agreement, the circuit court's conviction and sentencing order, and the transcript of the sentencing hearing. Despite the fact that this Court granted petitioner's request for additional time to perfect his appeal, petitioner failed to comply with this Court's amended scheduling order, necessitating a Notice of Intent to Sanction for failure to timely perfect petitioner's appeal. When petitioner's counsel filed his dilatory brief in this case, it fell woefully short of complying with the requirements of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. The deficiencies include the lack of citation to the record. Further, petitioner's "argument" is a mere three sentences, which begins with counsel's contention that he "was unable to find caselaw to support [p]etitioner's positions . . . ." Therefore, we remind counsel of his duty to comply with Rule 10(c) of the West Virginia Rules of Appellate Procedure.

fleeing from an officer. During that hearing, the court also addressed petitioner's lengthy criminal history, including his involvement with drugs as both a user and seller, specifically noting it appeared to the court that petitioner "will continue to keep his connections to those connected with his drug lifestyle in this community." Further, while petitioner does not argue that his sentence shocks the conscience, we find that his aggregate sentence neither shocks the conscience nor is it objectively disproportionate.

While petitioner argues that he should have received probation because he believes his codefendants did, this Court has no information as to the charges against the codefendants; the codefendants' criminal history; the codefendants' plea agreement(s), if any exist; or any of the other information necessary to determine whether petitioner and the codefendants were similarly situated. The circuit court, however, noted during petitioner's sentencing hearing that due to petitioner's "pretty long history of not incidental criminal charges," petitioner was "not on the same playing field as his co[]defendants," going on to state that the codefendants "didn't have this kind of a record." As this Court has found, "[t]he decision of a trial court to deny probation will be overturned only when, on the facts of the case, that decision constituted a palpable abuse of discretion." Syl. Pt. 3, *State v. Shaw*, 208 W. Va. 426, 541 S.E.2d 21 (2000) (citation omitted). In addition, "the decision as to whether the imposition of probation is appropriate in a certain case is entirely within the circuit court's discretion." *State v. Duke*, 200 W. Va. 356, 364, 489 S.E.2d 738, 846 (1997). Importantly, we have further found that

> [d]isparate sentences for codefendants are not per se unconstitutional. Courts consider many factors such as each codefendant's respective involvement in the criminal transaction (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age and maturity), and lack of remorse. If codefendants are similarly situated, some courts will reverse on disparity of sentence alone.

Syl. Pt. 2, *State v. Buck*, 173 W. Va. 243, 314 S.E.2d 406 (1984). Based upon the limited record before this Court, we find that the court did not abuse its discretion in denying petitioner's request for an alternative sentence and, instead, imposing the statutory terms of incarceration.

For the foregoing reasons, we affirm.

Affirmed.


**ISSUED:** January 25, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn