**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

State of West Virginia,
**Plaintiff Below, Respondent**

**v.)  No. 22-737** (Hardy County CC-16-2022-F-2)

Natosha Kuhn,
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Natosha Kuhn appeals the amended sentencing order of the Circuit Court of Hardy County, entered on August 30, 2022, sentencing her to a term of imprisonment for: two to ten years for her conviction of child abuse resulting in serious bodily injury (W. Va. Code § 61-8D-3(b)); one to five years for her conviction of gross child neglect creating substantial risk of serious bodily injury (W. Va. Code § 61-8D-4(c)); and two to ten years for her conviction of malicious assault (W. Va. Code § 61-2-9(a)).[1] The sentences run consecutively. She argues that the circuit court should have imposed some form of alternative sentence. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21.

Ms. Kuhn pled guilty in April 2022 to child abuse resulting in serious bodily injury, gross child neglect creating substantial risk of serious bodily injury, and malicious assault in exchange for the State's agreement to dismiss one count of attempted murder. At Ms. Kuhn's plea hearing, the State informed the court that evidence would show that Ms. Kuhn confessed to throwing her then seven-month-old child against a dresser, causing fractures to the child's skull, and then failing to seek immediate medical attention. There is no dispute that the court conducted an appropriate colloquy and Ms. Kuhn entered her plea knowingly, intelligently, and voluntarily. *See* Syl. Pt. 3, *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975).

Ms. Kuhn avers that the court denied her motion for an alternative sentence, but there is no evidence in the appendix record on appeal showing that she requested alternative sentencing. Explaining that it found Ms. Kuhn's actions "purposeful" and done "with no consideration of [the] child's safety or welfare at all and with intent" the court imposed the five to twenty-five year aggregate term of imprisonment described above, to be followed by extended supervision for thirty years.

---

[1] Ms. Kuhn appears by counsel Jeremy B. Cooper. Respondent State of West Virginia appears by West Virginia Attorney General Patrick Morrisey and Assistant Attorney General Mary Beth Niday.

Ms. Kuhn presents one assignment of error on appeal. She argues that the circuit court "abused its discretion in declining to grant [her] an alternative sentence, or to otherwise sentence her to a less severe effective sentence." Ms. Kuhn does not specify the alternative she seeks, but she argues that, at a minimum, the sentences should have been ordered to run concurrently. Unless a sentence "violates statutory or constitutional commands," we review a court's imposition of a sentence for an abuse of discretion. Syl. Pt. 1, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). Still, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Though Ms. Kuhn does not specify the relief she seeks, we note that any alternative sentence, such as probation or deferred adjudication, "is a privilege of conditional liberty bestowed upon a criminal defendant through the grace of the circuit court." *State v. Duke*, 200 W. Va. 356, 364, 489 S.E.2d 738, 746 (1997).

The sentences imposed for Ms. Kuhn's conviction fell within the range set forth by statute. She does not argue that the court based her sentences on an impermissible factor. We find, therefore, that the circuit court did not err in sentencing Ms. Kuhn as it did.

For the foregoing reasons, we affirm the circuit court's August 30, 2022, amended sentencing order.

Affirmed.

**ISSUED:** March 20, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn