# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 23-368** (Raleigh County CC-41-2022-F-195)

**Douglas G. Hill, Jr.,**
**Defendant Below, Petitioner**


## MEMORANDUM DECISION


Petitioner Douglas G. Hill, Jr. appeals the Circuit Court of Raleigh County's May 22, 2023, order revoking the petitioner's supervised probation.[1] The petitioner argues that the court erred in finding that he had absconded, revoking his probation, and imposing his underlying sentence instead of sentencing him to serve sixty days for a first-time probation violation. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court is appropriate. *See* W. Va. R. App. P. 21.

A Raleigh County grand jury indicted the petitioner for malicious wounding on May 9, 2022, and, on July 25, 2022, the State also charged him by information for prohibited person in possession of a firearm and domestic battery. These charges were resolved pursuant to a binding plea agreement between the petitioner and the State wherein he agreed to plead guilty to malicious wounding, possession of a firearm by a prohibited person, and domestic battery, and the State agreed not to file a recidivist information and to dismiss other charges pending against him.[2] The court accepted the plea agreement and, in accordance with the binding nature of the agreement, suspended the petitioner's prison sentences of five years for possession of a firearm by a prohibited person, not less than two years nor more than ten years for malicious wounding, and twelve months of imprisonment for the charge of domestic battery in favor of twenty-four months of supervised probation.

Immediately after his sentencing hearing, the petitioner met with his assigned probation officer to review and sign his probation contract, which required him to "report to [his] probation

---

[1] The petitioner appears by counsel Steven K. Mancini. The State of West Virginia appears by Attorney General John B. McCuskey and Assistant Attorney General William E. Longwell. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] The plea agreement specifically identified several pending cases for the petitioner involving charges such as fleeing on foot, shoplifting, and petit larceny.

officer once a month or more often as directed."[3] Another term of his probation required that he "shall participate in and successfully complete an inpatient or outpatient program for the treatment of alcohol or drug abuse if deemed appropriate by my supervising probation officer." The probation officer administered an instant substance abuse screen to the petitioner, and he tested presumptively positive for amphetamine, cocaine, fentanyl, and methamphetamine. So, the probation officer directed that the petitioner participate in and successfully complete substance abuse treatment. The petitioner was also informed that he was required to report to his probation officer by phone, on a weekly basis, once he was enrolled in a treatment program.

In compliance with the terms of his probation, the petitioner gained admission to The Chelyan Circle of Care Center ("the Chelyan facility") on January 12, 2023. Once in the program, the petitioner called his probation officer on a weekly basis in compliance with his reporting requirements. After becoming aggressive with a staff member, the petitioner left the Chelyan facility on March 14, 2023. He contacted his probation officer by telephone on March 22, 2023, and informed her that he had changed treatment facilities and was currently in The Shirley Temple Sober Living Facility ("Shirley Temple facility"). The petitioner's probation officer "told [him] to have someone, his case manager or the director of that facility, to send [her] an email verifying that he was there and then continue as he had been with his weekly telephone contact with [her]." The probation officer never received the requested enrollment verification from the Shirley Temple facility, and she heard nothing further from the petitioner after their March 22, 2023, phone conversation.

On May 8, 2023, the State filed a motion to revoke the petitioner's probation in the circuit court alleging that he had absconded supervision by "intentionally avoiding supervision," had three positive drug screens, and had failed to complete substance abuse treatment as required. At the revocation hearing on May 18, 2023, the petitioner stipulated to the violation of his probation due to the positive drug screens but disputed the allegation that he had absconded from supervision.[4] The petitioner's probation officer testified at the revocation hearing and stated that she had not received verification of the petitioner's presence at the Shirley Temple facility, and that she had received no weekly report communication from the petitioner since March 22, 2023. On cross-examination, the probation officer acknowledged that the petitioner's weekly reporting requirement while in substance abuse treatment had not been reduced to writing in the probation contract, and that she could not prove that the petitioner had not been at the Shirley Temple facility during the month of April 2023. The petitioner opted not to offer any evidence or testimony at the revocation hearing.

On the record, the circuit court noted that the petitioner

---

[3] The petitioner did not include the terms and conditions of his probation within the appendix record, but we are able to discern the relevant terms from the transcript of his probation revocation hearing.

[4] The petitioner previously disputed the failure to complete substance abuse treatment allegation at the revocation hearing, but he has withdrawn this argument on appeal.

didn't remain [at the Chelyan facility] to complete that program and wound up—according to the affidavit [appended to the petition to revoke the petitioner's probation], he simply reported that he was at Shirley Temple sober living, but no confirmation of that was provided although requested, neither from him nor from the facility.

Now, supervision means that you do what you're told to do and it means that you do what you're told to do in a way that it is known that you did what you were told to do.[5]

Ultimately, the court determined that the petitioner absconded supervision:

That is not submission to supervision. The defendant has absconded in the sense that he said I don't want to do this, I'm not paying attention to [the probation officer], I'm not reporting in, I don't care—I don't care if I'm supervised or not. That's what comes out of all this. . . .

There's no—there was no effort by the defendant to remain within the supervision and control, no effort to show that he desires to succeed at probation, and not much reason to take this any further.

. . . .

That means that probation has been violated to a degree that goes beyond sanctions, which requires and supports the conclusion that probation should be revoked and the underlying sentence or sentences should be and they are hereby reimposed.

In its order memorializing the revocation of the petitioner's probation, the court found that 1) the petitioner had stipulated to "the failed drug screens during the hearing"; 2) he was instructed to complete a substance abuse program but had prematurely left treatment at the Chelyan facility and "has not provided any evidence that he is actively participating in any substance abuse program"; and 3) he was required to report to his probation officer on a weekly basis while in treatment and to provide proof that he was currently participating in substance abuse treatment at the Shirley Temple facility, but "[n]o evidence has been provided to support the defendant's assertion that he was located at or participating in that program. Defendant has absconded from supervision by misrepresenting his location and by failing to contact his probation officer as instructed." The petitioner now appeals the circuit court's revocation order.

---

[5] The court also questioned whether a sober living facility satisfied the requirement that he receive *treatment* to address his substance abuse issues:

A sober living facility, a place you go to live and be sober. It's not for treatment, it's not for therapy, it's not to assist with a drug problem, and it's something he chose himself because maybe it looked easy if he chose it himself, if he was even there.

3

When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Duke*, 200 W. Va. 356, 489 S.E.2d 738 (1997).

The petitioner alleges that the circuit court erred in finding that he "absconded supervision" pursuant to West Virginia Code § 62-12-10, which provides, in relevant part:

(1) If the court or judge finds reasonable cause exists to believe that the probationer:

(A) Absconded supervision;

(B) Engaged in new criminal conduct other than a minor traffic violation or simple possession of a controlled substance; or

(C) Violated a special condition of probation designed either to protect the public or a victim; the court or judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed and order that sentence to be executed.

(2) If the judge finds that reasonable cause exists to believe that the probationer violated any condition of supervision other than the conditions of probation set forth in subdivision (1) of this subsection then, for the first violation, the judge shall impose a period of confinement up to sixty days . . . .

The petitioner asserts that "abscond" has not specifically been defined by the Legislature, and he should have been sentenced to serve a period of confinement of up to sixty days under West Virginia Code § 62-12-10(a)(2) for a first-time violation of supervised probation because it was not proven that he absconded supervision. Additionally, the petitioner claims that it was error for the court to find that he absconded supervision because the State failed to establish that he was not at the Shirley Temple facility during the alleged period of absconding supervision, and the State also failed to establish that he did not ask someone from the Shirley Temple facility to contact his probation officer.

In the present case, the record reveals that the State called the petitioner's probation officer as a witness at the revocation hearing. She testified that the petitioner signed a probation supervision contract and that she explained the terms and conditions of probation to the petitioner—including the requirements to obtain substance abuse treatment and to report weekly while enrolled in that treatment. The probation officer stated that the petitioner reported to her on a weekly basis during his enrollment at the Chelyan facility between January 12, 2023, and March 14, 2023. Most significantly, the probation officer testified that the petitioner's reporting behavior

4

changed after he voluntarily and prematurely left the Chelyan facility before completing that treatment program. The probation officer further testified that the petitioner waited until March 22, 2023, over a week after leaving the Chelyan facility, before reporting that he had left that facility; and, thereafter, the petitioner completely failed to communicate with the probation officer—a marked departure from his previous reporting behavior and what was required of him under the terms of his probation, whether it be the monthly reporting requirement or weekly requirement that the probation officer directed. In sum, the evidence showed that the petitioner left without successfully completing one substance abuse treatment program, failed to provide the required documentation showing enrollment in another, and ceased all required contact with his probation officer. We therefore conclude it was not error for the circuit court to determine that the State showed, by a preponderance of the evidence, that the petitioner absconded supervision by misrepresenting his location and by failing to contact his probation officer as instructed. And because the evidence showed that the petitioner absconded supervision, the court did not err in revoking the petitioner's probation and imposing his underlying sentence instead of imposing a period of confinement up to sixty days.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 28, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Tim Armstead
Justice Elizabeth D. Walker
Justice C. Haley Bunn
Justice Charles S. Trump IV

5